Juan Rafael Berríos, representado por su padre Juan Berríos Ortiz, demandante y apelado, *v.* Guillermo Garáu, demandado y apelante.

No. 5970.—*Sometido:* Febrero 14, 1933. *Resuelto:* Marzo 21, 1933.

*C. Domínguez,* abogado del apelante; *R. Martínez Nadal* y *Leopoldo Tormes,* abogados del apelado.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Éste es un caso iniciado por el menor Juan Rafael por medio de su padre Juan Berríos, contra Guillermo Garáu, en reclamación de daños y perjuicios.

Seguido el pleito por todos sus trámites, la corte de distrito lo terminó por sentencia declarando la demanda sin lugar. Apeló el demandante y presentó una moción que, en lo pertinente, dice:

"1. Que se acoge a las disposiciones de la Ley No. 27 de noviembre de 1917, en relación a lo que establece la ley número 81 de 1919, para sustituir la exposición del caso y pliego de excepciones por una transcripción de toda la evidencia que habrá de utilizarse a los efectos de la apelación interpuesta en este caso.

"Y solicita por ello de la Hon. Corte, que ordene al taquígrafo de esta Corte que prepare dicha transcripción dentro del término de 20 días tal y como dichas leyes expresan."

Presentó además el apelante el mismo día una moción pidiendo a la corte que le concediera el beneficio de insolvencia "a los efectos de que el taquígrafo de esta corte que actuó en dicha vista prepare la transcripción de toda la evidencia sin costo alguno para esta parte demandante, . . ."

Se practicó prueba sobre la moción de insolvencia. Por el demandante declararon F. J. Castillo, Eliseo Pillot y su representante, y por el demandado, que se opuso, F. Porrata, R. Villalobos y él en persona.

Analizada en conjunto la evidencia demuestra que el demandante es un niño que no tiene bienes de fortuna y que su padre está colocado en una compañía de gasolina ganando veinte dólares quincenales. Y tiende a demostrar además que el padre gana diez dólares mensuales sobre su sueldo y

tiene un ventorrillo de viandas, y la madre posee con otra persona un pequeño negocio de costuras.

La corte de distrito resolvió la cuestión como sigue:

"Considerada la moción presentada por el demandante en este caso, en que solicita de esta Corte se dicte una orden de acuerdo con la ley concediéndole el beneficio de insolvencia, a los efectos de que el taquígrafo de esta Corte que actuó en la vista del juicio, prepare la transcripción de toda la evidencia, sin costo alguno para dicha parte demandante, moción que se funda en la sec. 5 de la Ley aprobada en 1904 creando las plazas de taquígrafos-reporters de los tribunales de distrito y determinando sus deberes y fijando sus sueldos y compensaciones; y teniendo en cuenta la Corte, que de acuerdo con los preceptos de dicha ley no es necesario que exista una insolvencia absoluta por parte del peticionario, sino que basta para ello que éste se encuentre en condiciones de no poder satisfacer los derechos que corresponde pagar al taquígrafo por la transcripción de la evidencia, derechos que en este pleito, dada la importancia y ampliación de la prueba, habrían de ascender a una suma bastante considerable y teniendo en cuenta además que de la prueba evacuada en relación con la solvencia del peticionario se ha demostrado, a juicio de la Corte, que éste si bien no puede considerarse como un pobre indigente, carece no obstante de dinero suficiente para el pago de dichos derechos al taquígrafo; se declara con lugar la moción del peticionario y se concede al demandante el beneficio de insolvencia que solicita, ordenándose al taquígrafo de esta Corte que prepare la transcripción de toda la evidencia evacuada en este litigio, sin costo alguno para la parte demandante."

No conformes el demandado y el taquígrafo interpusieron el presente recurso de apelación, archivando un alegato en el que sostienen que la resolución apelada es nula y contraria a derecho:

"A.—Porque dicha resolución, concediendo al demandante-apelado el beneficio de la insolvencia, para obtener la transcripción de la evidencia, no está ni expresa ni implícitamente autorizada por la Ley Núm. 27 de 27 de Nov. de 1917 (Tomo 2, Leyes de P. R., pág. 275), enmendada por la Ley 81 de 26 de junio de 1919. Leyes de P. R. de 1919, pág. 675.

"B.—La referida resolución no está autorizada ni expresa ni implícitamente en la ley creando el cargo de taquígrafos-reporteros,

aprobada en marzo de 1904. (Véase Deogracias v. Guardiola et al.,
39 D.P.R. 886). Véase tomo de Leyes de Puerto Rico de 1904, página 137."

Dejando a un lado la cuestión de si cabe o no la apelación, especialmente la establecida por el taquígrafo, ya que no ha sido suscitada por el demandante, procederemos al estudio y resolución de los errores señalados.

██ ██ Examinadas las Leyes No. 27 de 1917 (p. 275) y No. 81 de 1919 (p. 675) sobre la materia, nada expresamente disponen sobre la cuestión de insolvencia.

La ley creadora de los taquígrafos-reporters de 10 de marzo de 1904, Leyes de 1904, p. 110, Comp. 1911, pág. 280, prescribe en su sección 5:

"Sección 5.—Será deber del taquígrafo, al ser requerido por el Attorney General, el fiscal de distrito, o por cualquier persona parte en un pleito en que se hayan tomado notas taquigráficas, proporcionar copia escrita en máquina de los autos (records), o de cualquier parte de los mismos, por la cual tendrá derecho a recibir, además de su sueldo, diez centavos como honorario por cada cien palabras, que habrá de satisfacer la parte que solicite aquélla, cuya suma habrá de cargarse como costas de la causa a la parte vencida, en juicio; *Disponiéndose*, que cuando la referida copia sea requerida a nombre del Pueblo de Puerto Rico o por un acusado en una causa criminal, o su abogado, en los casos en que después de una convicción el acusado en una causa criminal pruebe al tribunal, por medio de una declaración jurada o por otro medio, que él no está en condiciones por razón de su pobreza de pagar por la referida copia, requerida como queda dicho, por él o por su abogado, el taquígrafo expedirá gratis tales copias. Y en todos los casos civiles en que una persona parte en la acción presente una declaración jurada donde conste estar imposibilitado para satisfacer las costas requeridas por la Ley, dicha persona tendrá derecho a los servicios gratuitos del taquígrafo del tribunal, en los mismos términos en que éste presta sus servicios a los pobres indigentes en las causas criminales y los derechos del taquígrafo se incluirán en las costas cuando fueren impuestas a la parte que pudiese pagarlas. Dicha copia del récord constituirá prima facie del acta del juicio y podrá usarse al hacerse cualquier moción para la celebración de un nuevo juicio, revisión o apelación del mismo, en los casos en que el acta del tribunal sea necesaria."

La primera parte, en inglés, de dicha sección, lee como sigue:

"Section 5.—It shall be the duty of each reporter to furnish, on the application of the Attorney General, district fiscal, or any party to a suit in which a stenographic record has been made, a typewritten copy of the record, or any part thereof, for which he shall be entitled to receive, in addition to his salary, . . ."

Creemos que, como dijo en su resolución el juez de distrito, no es necesario que se demuestre una insolvencia absoluta, bastando la demostración de la imposibilidad de satisfacer las costas requeridas, y, pesada la evidencia, no creemos que pueda afirmarse que la corte abusara de su discreción al decidir que aquí quedó demostrada tal imposibilidad.

Ahora bien, lo que el demandante pidió que el taquígrafo le proporcionara gratis no fué copia del récord taquigráfico. Fué la llamada transcripción de la evidencia como medio para establecer su apelación.

Dicha transcripción comprende de acuerdo con la ley de 1917 no ya la de las declaraciones de los testigos si que la de los documentos y la de las resoluciones, actos o manifestaciones de la corte. Se trata de un documento completo que constituye por sí mismo parte del récord de la apelación. Una vez aprobado por la corte sentenciadora, "constituirá y formará parte del legajo de la sentencia como si fuera el pliego de excepciones o exposición del caso previsto en el artículo 299 del ya citado Código, . . ." (Sec. 2 Ley No. 27 de 1917, Leyes de 1917 (II) p. 277). Formando, de acuerdo con la Ley No. 81 de 1919, enmendando el artículo 299 del Código de Enjuiciamiento Civil, "el récord de una apelación la certificación que libran el secretario del tribunal a quo, o los abogados de las partes, del legajo de la sentencia y de la notificación de la apelación, excepto en el caso de haberse aprobado una transcripción de la evidencia de acuerdo con la ley. En este caso el récord de apelación estará constituído por dicha transcripción original y por certificación de los demás docu-

mentos que constituyan el legajo de la sentencia autorizada en la forma prevista anteriormente. . . ."

Examinados los términos en que está redactada la Ley de 1904, no se encuentra comprendida en ellos expresamente la obligación que impuso la corte de distrito a su taquígrafo repórter, y se comprende fácilmente que así sea, pues en 1904 no existía el método establecido por la ley de 1917 para el perfeccionamiento de la apelación. Si el caso debiera resolverse por ese solo razonamiento, tendría que serlo en favor de los apelantes.

Existen, sin embargo, otras razones que deben ser tomadas en consideración. La cuestión descansa en gran parte en la discreción de la corte sentenciadora y opinamos que esa discreción se ha ejercitado debidamente en este caso para que no sea ineficaz una disposición legal vigente como la que contiene la ley de 1917.

Además, las circunstancias que aquí concurren son tales, que bien puede concluirse que el trabajo que la corte impuso a su taquígrafo al ordenarle la preparación de la transcripción de la evidencia con arreglo a la ley de 1917, será muy poco más que el que tendría que realizar si le hubiera ordenado que preparara el récord taquigráfico de acuerdo estrictamente con las disposiciones de la ley de 1904.

*Debe confirmarse la orden apelada.*