EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CHARLES E. LAWTON, acusado y apelante, y JUAN COMAS VERA, taquígrafo-repórter de la corte sentenciadora, interventor y apelado.

No. 5189.—*Sometido:* Enero 23, 1934. *Resuelto:* Febrero 9, 1934.

*F. Soto Gras* y *R. Díaz Collazo,* abogados del apelante; *J. Valldejuli,* abogado del interventor apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La sección 5 de la "Ley creando las plazas de taquígrafos repórters de los tribunales de distrito, determinando sus deberes y fijando sus sueldos y compensaciones," aprobada el 10 de marzo de 1904 (Estatutos Revisados, sec. 1281) provee que: ". . . en que después de una convicción el acusado en una causa criminal pruebe al tribunal, por medio de una declaración jurada o por otro medio, que él no está en condiciones por razón de su pobreza de pagar por la referida copia, . . . el taquígrafo expedirá gratis tales copias." Véase también el artículo 356 del Código de Enjuiciamiento Criminal, según fué enmendado en 1925 (Leyes de ese año, [No. 4] p. 109).

Lawton fué convicto de un delito menos grave y después de archivar el escrito de apelación obtuvo una orden para que se preparara la transcripción de la evidencia. Luego el juez de distrito, a moción del taquígrafo, ordenó que se consignara la suma de $550 para cubrir los honorarios del taquígrafo. Lawton entonces solicitó se le permitiera acogerse a las disposiciones de la sección 5, supra. Luego de celebrada una vista la corte hizo un resumen de la propia declaración de Lawton, como sigue:

"Actualmente es agente de seguros (*broker*); tiene esposa y una hija; vive en casa propia en una sección residencial del barrio de Santurce; la casa está afecta a una hipoteca de $2,000.00; está embargada y además debe año y medio de contribuciones, sobre la casa; la casa vale de 10 a $12,000.00, según su juicio; posee además acciones del Banco Comercial y acciones de la Porto Rican American Insurance Co.; tiene una reclamación contra el Banco Comercial por más de $8,000.00; tiene varios litigios de naturaleza civil; en su casa mantiene dos sirvientes, a los que paga de 8 a $12.00 mensuales cada uno; le ha satisfecho a uno de sus abogados en este caso criminal $150.00 a cuenta de sus honorarios; cuando el Banco Comercial se declaró en sindicatura, el acusado era gerente del banco, y durante los últimos cinco años que lo fué, ganó de 10 a $15,000.00 anuales; tiene además en su casa radio, piano, nevera eléctrica, alfombras y biblioteca; por último, mantiene una póliza de seguro por valor de $15,000.00."

La corte de distrito después de referirse de paso a la declaración del taquígrafo y a la del letrado de Lawton, indicó que el abogado de la defensa en el caso de *Berríos* v. *Garáu,* 44 D.P.R. 775, había invocado la sección 5, supra, inmediatamente después de radicar el escrito de apelación, mientras que en el presente caso había transcurrido mucho tiempo. Esto, sin más, difícilmente bastaría para distinguir el presente caso del de *Berríos* v. *Garáu.* Tampoco damos importancia alguna al hecho de que el letrado de Lawton le dijera al taquígrafo que preparara la transcripción y lo dejara bajo la impresión de que Lawton la pagaría. Lawton pudo estar enteramente dispuesto a asumir tal obligación y

vacilar en solicitar que se le permitiera litigar como insolvente, mientras que al mismo tiempo pudo no haber estado en condiciones de depositar en efectivo o de asegurar definitivamente cuándo estaría en condiciones de pagarle al taquígrafo.

Empero, el juez de distrito no pudo hallar en la prueba aducida durante la vista base satisfactoria para llegar a la conclusión de que Lawton fuera en realidad una persona insolvente, o que no estuviera en condiciones de pagar por la transcripción. No estamos de acuerdo con respecto a que nada había en la prueba que sirviera de base a la conclusión de que Lawton no estaba en condiciones de pagar los honorarios del taquígrafo. No obstante, aunque su declaración establece un caso dudoso que quizá podría sostener un resultado distinto, ella no es la prueba clara y convincente que se exige para una revocación.

Convenimos con el apelante en que la cuantía de sus ingresos durante un período anterior que comprendía varios años de servicio como gerente de un banco local tenía muy poco o nada que ver con la cuestión de si él estaba o no en condiciones de pagar al tiempo de radicar su moción. La reseña de la declaración de Lawton, supra, también está incompleta. Ella se refiere, por ejemplo, a un embargo, sin mencionar el importe de la reclamación, o sea, $18,000. Lawton dijo que los bienes embargados valían de 10 a $12,000, mas también manifestó que sería imposible hallar un comprador por ese precio. Declaró igualmente que las acciones del Banco Comercial no tenían valor en el mercado y que las acciones de la Porto Rican American Insurance Co. habían sido pignoradas al Bank of Nova Scotia y estaban afectas a una acción pendiente contra Lawton y otro en cobro de una suma mayor que el valor de las acciones en el mercado. Un síndico se oponía a la reclamación de $8,000 presentada contra el Banco Comercial y nada hay en la declaración de Lawton o de cualquiera otro de los testigos que indique cuál sería el resultado del litigio. Lawton además declaró que no había

pagado a sus abogados nada por los servicios ya prestados en los varios pleitos civiles que estaban pendientes. Que tampoco pagaba las primas de la póliza de seguro, la que, por sus términos, se hizo automáticamente prorrogable (*self-sustaining*) debido al tiempo que había transcurrido desde la fecha de su expedición. También declaró que durante tres meses le había sido imposible pagar la renta de su oficina, que no tenía un peso de capital, que no tenía a nadie empleado en su pequeña oficina, que no tenía teléfono allí, ni recibía utilidad, ganancia o beneficio por concepto de ingresos con que pagar los $550 exigidos por el taquígrafo.

El punto flojo en esta declaración es que deja de demostrar que redujera, o que tratara de reducir, sus gastos ordinarios de vida. El testigo pudo haber producido una impresión más fuerte, si, por ejemplo, él hubiese explicado por qué no podía ceder en arrendamiento su cómoda casa amueblada y reducir sus gastos mudándose con su pequeña familia a una casa más barata, utilizando un sirviente, o ninguno, en vez de dos. No se trata de lo que el apelante debió o no debió hacer. La cuestión es si de conformidad con las disposiciones del estatuto él no estaba en condiciones de pagar. Si su imposibilidad de pagar se debía a su poco deseo o voluntad (no importa cuán laudables sean, vistos desde cualquier otro ángulo) de adaptarse a las nuevas condiciones mediante la práctica de una estricta economía y la eliminación de todo gasto innecesario, entonces, ante los ojos de la ley, no era un acusado insolvente. El taquígrafo merece que se le pague por sus servicios y no debe exigírsele que suministre la transcripción de la evidencia sin que se le remunere, a menos que el apelante esté claramente imposibilitado de pagarle. El peso de la prueba recae sobre el apelante, desde luego, para establecer el hecho de tal imposibilidad, suponiendo que sea así. La moción iba dirigida a la sana discreción del juez sentenciador y no hallamos que se cometiera un abuso tal de ésta que justifique la revocación.

*La resolución apelada debe ser confirmada.*