Andrés y Luciano Aybar Muñoz, demandantes y apelantes, *v.* Natalia Vara Smith, sustituída en apelación por Enrique Catoni, demandada y apelada.

No. 6471.—*Sometido:* Febrero 21, 1935. *Resuelto:* Febrero 28, 1935.

Los apelantes comparecieron por su propio derecho; *Juan B. Soto, Juan F. Soto* y *M. Rivera de la Vega,* abogados de la apelada.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Andrés y Luciana Aybar iniciaron, en 1927, una acción sobre nulidad de declaratoria de herederos contra Natalia Vara Smith. Al radicar su demanda, los demandantes obtuvieron el beneficio de pobreza de acuerdo con la sección 7 de la Ley No. 17, aprobada el 11 de marzo de 1915 (pág. 45). Dictada sentencia en su contra, apelaron para ante este tribunal y optaron por el procedimiento de la transcripción de evidencia. Solicitaron que se ordenase al taquígrafo la preparación de dicha transcripción y así lo dispuso la corte de distrito. Después de repetidas prórrogas para presentarla, los demandantes radicaron una moción solicitando se concediese al taquígrafo un plazo perentorio para que preparase y archivase dicha transcripción.

En oposición a esta moción alegó el taquígrafo que el beneficio de pobreza concedido a los demandantes no cubría los trámites de apelación y que, aun en el caso de que los cubriese,

la obligación de transcribir la evidencia debe limitarse a sus notas, sin incluir la prueba documental, que en este caso ocuparía alrededor de quinientas páginas a maquinilla, mientras que las notas taquigráficas se reducirían a unas veinticinco páginas.

La corte inferior resolvió que el beneficio de pobreza incluía los servicios del taquígrafo después de interpuesta la apelación, pero creyó que este funcionario podía limitarse a transcribir las notas taquigráficas y así lo ordenó, dejando a cargo de los demandantes la preparación por su cuenta de la transcripción de la evidencia documental. De esta resolución apelaron los demandantes, quienes alegan que la corte inferior cometió error al disponer que el taquígrafo únicamente viene obligado a transcribir, sin exacción de derechos, las declaraciones de los testigos, sin que tenga el deber de preparar íntegramente la transcripción de la evidencia. Copiamos a continuación las razones que tuvo el tribunal *a quo* para dictar la resolución apelada:

". . . sostenemos que de acuerdo con el caso de Berríos v. Garáu, 44 D.P.R. 775, 780, es discrecional en la Corte ordenar que por el taquígrafo se transcriba además de las notas taquigráficas la evidencia documental que se haya presentado en el pleito.

"Entendemos, además, que la discreción debe usarse, excepto en casos especiales, en el sentido de que sea el litigante y no el taquígrafo el que transcriba la evidencia documental, toda vez que el litigante está en tan buenas condiciones como el taquígrafo para hacer dicho trabajo, y no debe recargarse injustificadamente la labor de dicho funcionario. En este caso, como antes se ha dicho, la transcripción de la evidencia documental constaría aproximadamente de 500 páginas a maquinilla, y lo mismo que los litigantes han podido preparar sus alegaciones y demás escritos presentados en relación con el pleito, no hay motivo alguno para que no puedan hacer esta labor que redunda en su beneficio y que de hacerla el taquígrafo no solamente perjudicaría a dicho funcionario, sino que sería también en detrimento de esta corte que se vería privada hasta cierto punto de los servicios de este funcionario."

En el caso de *Berríos* v. *Garáu,* citado por la corte infe-

rior, se concedió al demandante el beneficio de insolvencia y se ordenó al taquígrafo la preparación de toda la evidencia evacuada en el caso, sin costo alguno para la parte apelante. En dicho caso se alegó por la parte apelante que la resolución recurrida, concediendo al demandante el beneficio de pobreza para obtener la transcripción de evidencia, no estaba ni expresa ni implícitamente autorizada por la Ley No. 27 de 27 de noviembre de 1917 ((2) pág. 275), ni tampoco por la ley creando el cargo de taquígrafo repórter, aprobada en marzo de 1904. Esta corte, resolviendo las cuestiones planteadas por el taquígrafo y la parte apelada, se expresó así:

"Examinados los términos en que está redactada la Ley de 1904, no se encuentra comprendida en ellos expresamente la obligación que impuso la corte de distrito a su taquígrafo repórter, y se comprende fácilmente que así sea, pues en 1904 no existía el método establecido por la ley de 1917 para el perfeccionamiento de la apelación. Si el caso debiera resolverse por ese solo razonamiento, tendría que serlo en favor de los apelantes.

"Existen, sin embargo, otras razones que deben ser tomadas en consideración. La cuestión descansa en gran parte en la discreción de la corte sentenciadora y opinamos que esa discreción se ha ejercitado debidamente en este caso para que no sea ineficaz una disposición legal vigente como la que contiene la ley de 1917."

De acuerdo con la sección 7 de la Ley No. 17, aprobada en 11 de marzo de 1915 (pág. 45), un litigante a quien se concede el beneficio de pobreza tiene derecho a recibir gratuitamente "todos los servicios de todos los funcionarios del tribunal." No excluye esta disposición los servicios del taquígrafo, que también es un funcionario de la corte lo mismo que el márshal o el secretario. Como acertadamente dice la corte inferior, la sección quinta de la ley que crea el cargo de taquígrafo repórter, aprobada en 10 de marzo de 1904 (Comp. 1277 et seq.), y la sección 7ª de la Ley No. 17 de 1915 que acabamos de citar, se complementan, sin que haya incompatibilidad alguna entre ellas. Es claro que el taquígrafo, como funcionario del tribunal, está obligado a prestar

sus servicios gratuitamente cuando se permite a una parte litigar *in forma pauperis.*

El litigante pobre tiene los mismos derechos que el litigante solvente para elegir la transcripción de la evidencia o la exposición del caso a fin de tramitar su apelación. Si elige la transcripción de la evidencia deben cumplirse los requisitos exigidos por la ley. De acuerdo con el artículo 2° de la Ley No. 27 de 1917 ((2) pág. 275), cuando se radique el escrito que se especifica en el artículo 1ro. de la misma ley, la corte tendrá el deber de ordenar al taquígrafo que transcriba fiel y completamente el récord taquigráfico del juicio. Este funcionario deberá preparar una transcripción de las notas taquigráficas, incluyendo en dicha transcripción copia de todos los documentos ofrecidos y admitidos como prueba.

Como se ve, es la misma ley la que le impone al taquígrafo el deber de transcribir copia de la prueba documental, recibiendo el pago de sus servicios, cuando se trate de un litigante solvente, y sin percibir retribución alguna, cuando se trate de una parte que ha sido autorizada a litigar *in forma pauperis.* No es posible evadir los términos precisos y claros de la ley.

Puede que haya casos en que el litigante pobre esté en condiciones de encargarse personalmente de preparar la transcripción de los documentos, y puede haberlos también en que no sepa hacerlo y carezca de medios para procurarse una persona que realice el trabajo por él; pero, dados los términos en que está redactada la ley, no parece que el tribunal esté autorizado para hacer uso de su discreción, distinguiendo unos casos de otros y relevando al taquígrafo de la obligación de transcribir fiel y completamente el récord taquigráfico, incluso la prueba documental, por más que resulte plausible y recomendable que el litigante declarado pobre preste toda la cooperación posible al referido funcionario para ayudarlo a ultimar su labor.

*Debe revocarse la resolución apelada.*