El Pueblo de Puerto Rico, demandante y apelado, *v.*
Valentín Ramos Avilés, acusado y apelante.

No. 5711.—*Sometido:* Marzo 1, 1935.  *Resuelto:* Marzo 8, 1935.

*José Veray, Jr.,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis
Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Valentín Ramos Avilés apeló de una sentencia condenatoria dictada contra él en asunto criminal y solicitó de la corte de distrito que el taquígrafo hiciera la transcripción de la evidencia para su recurso y que se le declarase pobre a los efectos de no pagar los derechos del taquígrafo.  Con esa petición acompañó declaración jurada suya en la que

manifiesta que había interpuesto apelación contra la sentencia que lo condena a dos años de presidio por infracción del artículo 407 del Código Penal (incendio) y que no está en condiciones por su pobreza de pagar la transcripción de la evidencia para su recurso. También presentó dos declaraciones juradas de otras personas en las que se dice que dicho apelante es insolvente y carece de recursos y entradas suficientes para pagar al taquígrafo la transcripción de la evidencia para su apelación; que tiene esposa y cinco hijos pequeños y se dedica a la venta de aves y a otros negocios de igual naturaleza, manteniendo a su familia con el producto de su trabajo. La corte ordenó que esa petición de pobreza fuese notificada al taquígrafo por si deseaba oponerse a ella. Algún tiempo después, sin que conste que el taquígrafo presentara evidencia contraria a esas declaraciones, la corte resolvió lo siguiente: "Orden. La corte, estimando que el conflicto de la evidencia en este caso fué correctamente resuelto por el jurado; que no fueron levantadas cuestiones de derecho en el curso del juicio ni tomadas excepciones meritorias y que consecuentemente la apelación establecida es frívola y a todas luces de carácter dilatorio; que el acusado fué asistido de abogado mediante pago de honorarios; considerada también la lenidad de la pena impuéstale, y especialmente confrontándose la oficina del taquígrafo con una situación embarazosa por el abuso que ha venido haciéndose de las peticiones de pobreza para la transcripción de récords, lo que se resuelve prácticamente en perjuicio de la buena marcha de la tramitación en los asuntos del tribunal, declara sin lugar la instancia presentada, o sea, la concesión del beneficio de pobreza para la preparación de la transcripción de evidencia." Contra ella interpuso el acusado este recurso de apelación, que está autorizado por el artículo 347, No. 3ro., del Código de Enjuiciamiento Criminal, según el cual el acusado puede apelar de una providencia dictada después de una sentencia que afecte los derechos substanciales de la parte.

■■■ El artículo 356 del Código de Enjuiciamiento Criminal según quedó enmendado por la Ley número 4 de 18 de abril de 1925 autoriza a un acusado que ha sido condenado y apela de la sentencia para que la transcripción de la evidencia para su apelación sea preparada por el taquígrafo de la corte y dispone que en el caso que el acusado apelante hubiese probado su insolvencia a la corte, será deber de ésta ordenar al taquígrafo que prepare y radique la transcripción libre de derechos.

La orden que motiva esta apelación no niega que el apelante sea insolvente y esté impedido, por tanto, de pagar al taquígrafo los derechos que la ley le autoriza cobrar por esa transcripción de la evidencia. Las únicas declaraciones que tuvo la corte ante sí para resolver la petición de declaración de insolvencia no fueron contradichas. La negativa de declaración de insolvencia la fundó la corte inferior en otros motivos que no encontramos justificados, pues el estimar que el conflicto de la evidencia fué correctamente resuelto por el jurado y que la apelación de la sentencia es frívola porque no fueron suscitadas cuestiones de derecho durante el juicio, no son cuestiones para ser resueltas por la corte inferior sino por este tribunal si le son planteadas; tampoco el hecho de que el acusado estuvo defendido por un abogado a quien pagó, pues no consta de estos autos tal pago y, aunque constara, pudo haber pagado su defensa en el juicio y no encontrarse en condiciones de pagar la transcripción de la evidencia: ni el hecho de que se impusiera poca pena al acusado ni que se ha estado abusando de peticiones de pobreza, es razón para negar la declaratoria de insolvencia hecha por el acusado porque si él es en verdad pobre no puede afectarle lo que otras personas hayan hecho viciosamente.

*La orden recurrida debe ser revocada y dictarse otra declarando que el apelante es insolvente y tiene derecho a que el taquígrafo haga la transcripción de la evidencia gratuitamente.*