El Pueblo de Puerto Rico, demandante y apelado, *v.* José. Beltrán Ortiz, acusado y apelante.

Núm. 6756.—*Sometido:* Enero 11, 1938. *Resuelto:* Enero 28, 1938.

*Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Presidente Señor del Toro emitió la opinión del tribunal.

El 8 de abril de 1936 el Fiscal de Distrito de Bayamón formuló acusación contra José Beltrán Ortiz, imputándole un delito de portar armas prohibidas y el 14 de enero de 1937 el acusado fué condenado por la corte del distrito como autor de dicho delito a sufrir tres meses de cárcel.

Apeló Beltrán Ortiz para ante este tribunal el mismo día de la condena, solicitando el beneficio de pobreza para tramitar su apelación ocho días después, pidiendo al propio

tiempo que se ordenara al taquígrafo la preparación de la transcripción de evidencia sin exigir honorarios.

A ello se opuso el taquígrafo basándose en que el apelante tenía un bazar en la calle "Las Delicias" núm. 35, de Bayamón, en unión de Elías Soto, habiendo contratado para su defensa cuatro abogados y cambiado impresiones con el taquígrafo sobre pago del récord en caso de serle necesario.

En enero 29, 1937, el acusado por sus abogados pidió la eliminación de los "dos papeles" presentados por el taquígrafo por no ser éste abogado ni persona autorizada para pedir que se desestime de plano su petición, alegando además que el servicio gratuito que presta el taquígrafo no es personal sino del Estado que paga su sueldo, no teniendo dicho funcionario "otra alternativa que cumplir las órdenes de la corte," no estando autorizado para comparecer en autos a ofrecer razones para no acatar dichas órdenes. Citó el caso de *Berríos* v. *Garáu,* 44 D.P.R. 775 y sostuvo además que la oposición no era meritoria porque del hecho de que el acusado tuviera un bazar no se concluye necesariamente que pudiera pagar la transcripción, ni tampoco del de que fuera defendido por cuatro abogados, citando el caso de *El Pueblo* v. *Ramos,* 48 D.P.R. 213, careciendo de importancia alguna el cambio de impresiones entre el acusado y el taquígrafo sobre el pago de la transcripción, invocando el caso de *El Pueblo* v. *Lawton et al.,* 46 D.P.R. 184.

El 8 de febrero, 1937, se llamó a vista la moción del acusado solicitando el beneficio de pobreza. El acusado no compareció y la corte la declaró sin lugar al día siguiente.

El 10 de febrero el acusado pidió nueva audiencia alegando que ese día fué que llegó a poder de su abogado la notificación del señalamiento hecho el tres para el ocho. La corte ordenó al secretario que informara y dicho funcionario expresó que la notificación del señalamiento para el ocho fué depositada en el correo el tres dirigida al Lic. Celestino Iriarte, enviándosele otra por la misma vía el nueve de la resolución denegando el beneficio de pobreza.

Replicó el acusado por su abogado González Blanes en el sentido de haber dirigido una carta al secretario de la corte del distrito suplicándole que cualquier notificación en relación con el incidente de pobreza se la dirigiera a él y no al Sr. Iriarte, el 19 de febrero, y seis días después pidió a la corte que aceptara dos declaraciones juradas en relación con su moción de nueva audiencia. Por dichas declaraciones José Cintrón y Elías Sotomayor aseguran que el acusado no tiene bienes de fortuna.

El 3 de marzo la corte dictó dos resoluciones, una en la que expone los anteriores hechos y termina negando la solicitud de nueva audiencia y otra por virtud de la cual declara sin lugar la moción del acusado de febrero 24, 1937, solicitando una prórroga de treinta días para presentar la transcripción de evidencia.

Ya dijimos que en enero 22, 1937, el acusado pidió a la corte que ordenara al taquígrafo que preparara gratis la transcripción del récord a los efectos de su apelación. Luego, en 24 de febrero siguiente, radicó una moción pidiendo a la corte que prorrogara por treinta días el término que tenía para presentar la transcripción, debido a no haberla preparado aún el taquígrafo, y en marzo 6, 1937, radicó otra moción "interesando se provea en alguna forma la solicitud sobre transcripción de evidencia radicada el día 22 de enero de 1937." El 11 de marzo, 1937, la corte resolvió lo que sigue:

"La primera moción fué denegada por resoluciones de 9 de febrero de 1937 y 3 de marzo de 1937, a que nos remitimos; y la resolución de la segunda moción carecía de finalidad práctica porque se basaba 'en beneficio de pobreza concedido' inexistente porque ninguna orden a ese efecto había sido dictada.

"Ninguna providencia puede recaer, como solicita el acusado, a su petición sobre transcripción de evidencia porque a la fecha en que la misma se radicó no se había concedido petición alguna de pobreza, que era en lo que el acusado se basaba para solicitar que se ordenara al taquígrafo la transcripción de evidencia, ni tampoco ha sido concedido y, por el contrario, denegado en 3 de marzo de 1937, a cuya resolución nos remitimos."

El 20 de marzo, 1937, el acusado radicó dos escritos apelando de la resolución de 9 de febrero, 1937, por virtud de la cual se denegó el beneficio de pobreza y de la de 3 de marzo, 1937, por la que se le negó la nueva vista que solicitara para aportar prueba en relación con el beneficio de pobreza solicitado y denegado.

Así las cosas, el 27 de marzo, 1937, radicó el acusado otro escrito apelando de la sentencia dictada en el caso de portar armas, radicando el 3 de abril siguiente una moción pidiendo a la corte que a los efectos de perfeccionar su apelación ordenara al taquígrafo de conformidad con la Ley núm. 4 de abril 18, 1925 ((1) pág. 109), que hiciera la transcripción del récord.

El propio día tres de abril la corte resolvió la moción como sigue:

"Vista la anterior moción, procédase por el Taquígrafo de Sala a preparar, en el tiempo y forma de ley, la transcripción de la evidencia aquí solicitada."

El taquígrafo entonces requirió al acusado para que dentro del término de veinte días consignara el importe de sus honorarios ascendentes a doscientos dólares, y doce días después el acusado presentó una nueva moción interesando que se le concediera el beneficio de pobreza, moción que fué declarada por la corte sin lugar el 19 de abril, 1937, como sigue:

"Visto el escrito radicado por el acusado en 20 de marzo de 1937 apelando de la resolución dictada por esta Corte en 9 de febrero de 1937 por la que se declara sin lugar la moción del acusado solicitando la concesión del beneficio de pobreza para tramitar su apelación, y apelando asimismo de la resolución dictada por este tribunal en 3 de marzo de 1937 cubriendo la misma cuestión y vistas nuestras resoluciones de 9 de febrero de 1937, 3 de marzo de 1937, la otra de igual fecha, y la de 11 de marzo de 1937, no ha lugar a la moción del acusado radicada en 15 de abril de 1937 interesando se le conceda permiso para tramitar su apelación *in forma pauperis.*"

El propio 19 de abril pidió el acusado una prórroga de treinta días para la preparación por el taquígrafo de la trans-

cripción del récord. Oyó la corte al taquígrafo quien contestó que no había preparado la transcripción porque el acusado ni su abogado habían depositado su importe, citando el apartado "*b*" de la regla 30 de la corte. Ésta, el 26 de abril, 1937, de acuerdo con los hechos y la regla citada por el taquígrafo, negó la prórroga. Y el 21 de mayo siguiente el acusado radicó su escrito apelando de la negativa.

Todo cuanto dejamos expuesto consta de una certificación expedida por el Secretario de la Corte de Distrito de Bayamón el 13 de agosto de 1937, y remitida a esta corte por el dicho funcionario como "el legajo de sentencia en el caso criminal núm. 2433, seguido por El Pueblo de Puerto Rico contra José Beltrán Ortiz por delito de portar armas prohibidas, en recurso de apelación que estableció el acusado contra la sentencia que le impuso esta corte, así como también apelando de la resolución dictada por la corte denegándole el beneficio de tramitar su apelación *in forma pauperis.*".

Radicados los autos en la Secretaría de esta Corte Suprema se solicitaron dos prórrogas por el acusado para presentar su alegato. Éste se archivó finalmente en octubre 2, 1937. Comienza así:

"El récord elevado a este Hon. Tribunal por el Secretario de la Corte de Distrito de Bayamón, como legajo de la sentencia, contiene varios escritos de apelación referentes a distintas resoluciones. Puede decirse, no obstante, que de estos recursos uno sólo es de principal importancia, puesto que al conocer de él, esta Hon. Corte necesariamente ha de entrar en la consideración y ha de pasar sobre la propiedad de las demás resoluciones apeladas y, en su fallo final, de ser éste favorable, al apelante, cabe dejar a salvo, para que dicho fallo no resulte académico, aquellos derechos que quisieron protegerse mediante la oportuna interposición de las distintas apelaciones establecidas. Confrontada de ese modo la situación que nos presenta el récord que a este Hon. Tribunal remite el Secretario de la Corte *a quo* conteniendo diversos escritos referentes a distintas apelaciones entabladas dentro del mismo caso, agrupándolas todas en un solo récord, es que utilizamos como el blanco de nuestro alegato la resolución aludida de 19 de mayo de 1937. . . ."

Narra luego los hechos del caso, señala cinco errores, todos ellos relativos a la resolución de abril 19, 1937, los discute y termina suplicando que este tribunal—

". . . revoque la resolución de la Corte de Distrito de Bayamón de fecha 19 de abril de 1937 por la que se deniega al apelante el beneficio de pobreza para tramitar su apelación radicada en la corte inferior el día 28 de marzo de 1937, de forma que el apelante pueda continuar tramitando 'in forma pauperis' su apelación de la sentencia si, considerada debidamente su moción de pobreza, resultare la misma ser, como asegura el apelante que lo es, meritoria; debiendo tener siempre presente la corte inferior que la solicitud jurada y los affidavits que a la misma se acompañan establecen, en lo que al derecho de pobreza aludido se refiere, un caso prima facie que para ser destruído precisa la presentación de evidencia en contrario, y la exposición de 'razones meritorias' que el juez ha de expresar en su denegación."

Se señaló la vista del caso para el once de enero.

En enero 10, 1938, el fiscal de esta corte presentó dos escritos. El primero dice:

"1. Que en el caso de epígrafe se dictó sentencia por la Corte de Distrito de Bayamón, Puerto Rico, condenando al acusado José Beltrán Ortiz a tres meses de cárcel.

"2. Que con fecha 19 de mayo de 1937 el acusado en el presente caso apeló de dicha sentencia para ante este Hon. Tribunal, sin haber notificado el escrito de apelación al Fiscal del Distrito, según taxativamente dispone el artículo 350 del Código de Enjuiciamiento Criminal, no habiendo adquirido jurisdicción este Hon. Tribunal, por esta razón, para conocer de esta causa."

Y en el segundo expresa:

"1. Que en el caso de epígrafe, el acusado radicó con fecha 19 de mayo de 1937 (T.A. pág. 54), escrito de apelación de la resolución dictada por la corte inferior el día 19 de abril de 1937, denegatoria del beneficio de pobreza solicitado por el acusado para obtener del taquígrafo de la corte inferior, la transcripción de evidencia in forma pauperis.

"2. Que dicho escrito de apelación no fué notificado al Fiscal del Distrito, según taxativamente dispone el artículo 350 del Código

de Enjuiciamiento Criminal, ni tampoco al taquígrafo de la corte, que es la parte que puede resultar perjudicada con la revocación del recurso y que también compareció en todo momento en la corte inferior a oponerse a la pretensión del apelante, no habiendo adquirido jurisdicción este Tribunal, por esta razón, para conocer de la causa.''

Se opuso el acusado. Alegó que el fiscal carece de autoridad para representar al taquígrafo y que éste no es parte necesaria en el recurso, a quien haya que notificar.

La vista de las mociones de desestimación se señaló también para el 11 de enero actual, en cuyo día comparecieron el acusado por su abogado y el fiscal, presentando el acusado dos *affidavits*, uno de Jorge A. Salas, taquígrafo del fiscal del distrito y otro del Secretario de la Corte de Distrito de Bayamón asegurando haber notificado el 21 de mayo, 1937, al taquígrafo Lucas Nazario con copia del escrito de apelación radicado en la Secretaría de la corte en esa fecha. Se concedieron tres días al fiscal para radicar contra*affidavits* y dentro de ellos radicó uno del taquígrafo Nazario negando que hubiera sido notificado en forma alguna del escrito de apelación de mayo 21. En cuanto a la notificación al fiscal, aceptó que se hizo.

Hemos narrado todos los hechos para poder fijarlos mejor y entenderlos.

No hay ya cuestión de que el escrito interponiendo el recurso contra la resolución de abril 19, 1937, fué notificado al fiscal. La prueba de si fué notificado o no al taquígrafo es contradictoria. Resolvemos el conflicto en pro de la existencia de la notificación dando crédito al *affidavit* del secretario de la corte que asegura haberla hecho.

La segunda moción de desestimación del fiscal debe, pues, declararse sin lugar. También la primera por partir de un hecho que no encuentra comprobación en los autos. En mayo 19, 1937, no se apeló de la sentencia condenatoria dictada en la causa criminal. Las dos apelaciones que contra dicha sentencia radicó el acusado lo fueron el 14 de enero,

1937, la primera, y el 27 de marzo, 1937, invocando los casos de *Flores* v. *Corte*, 49 D.P.R. 123, y *Pearson* v. *Corte* decidido por el Juez de Turno Sr. Travieso en septiembre 17, 1936 (*Certiorari* núm. 69) la segunda.

■ Habiendo dispuesto de las mociones de desestimación, consideraremos los méritos del recurso establecido contra la resolución de abril 19, 1937.

Conocemos sus fundamentos. La corte se basó para negar el beneficio que se le pedía, en su actuación anterior y en la existencia de recursos de apelación contra las resoluciones que dictara.

El acusado no desistió expresamente de esos recursos pero es lo cierto que al presentar una nueva apelación y para tramitarla una nueva solicitud de pobreza, implícitamente abandonó sus anteriores posiciones, pudiendo la corte haberle ofrecido otra oportunidad para demostrar ante ella que realmente era acreedor al beneficio que solicitaba.

Cuando el segundo escrito de apelación quedó radicado y cinco días después se pidió a la corte que ordénara al taquígrafo que preparara la transcripción de la evidencia, la corte accedió. Es cierto que el acusado no pidió que el taquígrafo le preparara la transcripción gratis y que no fué hasta el quince de abril que radicó su segunda petición de pobreza, pero es lo cierto también que el nuevo camino había quedado abierto y la corte debió haber actuado con respecto a la nueva petición como actuó con respecto a la nueva apelación.

■ Hemos examinado la nueva petición y los *affidavits* que la acompañan y a nuestro juicio presentan un caso prima facie en favor del acusado. Sin embargo, si la corte no quedó convencida por ellos del estado de pobreza del acusado, pudo señalar un día para juzgar el asunto con mayor seguridad de acierto permitiendo la práctica de evidencia sobre el hecho a decidir tanto al acusado como al taquígrafo que es parte interesada en el incidente ya que de la decisión de la corte depende que pueda o no cobrar sus honorarios.

En tal virtud *debe revocarse la resolución de 19 de abril, 1937, apelada, y devolverse el caso a la corte de distrito de su origen para ulteriores procedimientos de conformidad con la ley.*

Y siendo ésa la conclusión a que llegamos, existiendo la posibilidad de que el récord pueda completarse con la transcripción de la evidencia preparada por el taquígrafo, no resulta justo resolver la apelación contra la sentencia de enero 14, 1937, con las solas constancias que hoy existen ante esta Corte Suprema. En tal virtud la tramitación del recurso contra dicha sentencia quedará suspendida hasta marzo 31, 1938, tiempo que se considera razonablemente suficiente para ultimar la cuestión del beneficio de pobreza y de la consiguiente preparación de la transcripción si se concede.

El Juez Asociado Señor Córdova Dávila no intervino.