EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CARMELO PAGÁN, acusado y apelante.

No. 5558.—*Sometido:* Noviembre 9, 1934. *Resuelto:* Marzo 19, 1935.

M. *Acosta Velarde,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Pagán, maquinista de una locomotora, fué convicto de infringir el artículo 328 del Código Penal y sentenciado a sufrir seis meses de presidio. Apeló y obtuvo una orden para que se preparara la transcripción de evidencia. Luego el taquígrafo de la corte logró que se dictara una orden para que se consignara la suma de $125, importe de sus honorarios por preparar dicha transcripción. El apelante entonces solicitó se dictara una orden eximiéndole de la necesidad de hacer tal consignación y ordenando al taquígrafo que le suministrara gratuitamente dicha transcripción de evidencia.

La prueba en apoyo de esta moción fué al efecto de que el apelante, que tenía esposa y dos hijos que de él dependían para su sostenimiento, percibía de la American Railroad Company of Puerto Rico un sueldo de $75 mensuales, y que no tenía bienes ni otros ingresos de especie alguna. El juez de distrito declaró sin lugar esta moción por no desprenderse de ella que el apelante fuera un "pobre indigente" dentro del significado del disponiéndose de la sección quinta de la "Ley creando las plazas de taquígrafos-reporters de los tribunales de distrito, determinando sus deberes y fijando sus sueldos y compensaciones" aprobada el 10 de marzo de 1904. Estatutos Revisados de 1911, sección 1281. Esta es la apelación interpuesta contra dicha resolución.

■■ El apelante admite que no es un "pobre indigente" pero sostiene que por esta razón y no otra la Corte de Distrito cometió error al declarar sin lugar su moción. Si dándose una interpretación más liberal al artículo 5 de la ley de 1904 y al 356 del Código de Enjuiciamiento Criminal, tal cual fué enmendado en 1925 (leyes de ese año, página 109) el apelante hubiese tenido o no derecho gratuitamente a una copia de la transcripción, es cuestión que no consideró el juez de distrito y que es innecesario resolver por ahora.

La ley de 1904 dispone primero: ". . . en los casos en que después de una convicción el acusado en una causa criminal pruebe al tribunal, por medio de una declaración jurada o por otro medio, que él no está en condiciones por razón de su pobreza de pagar por la referida copia, requerida como queda dicho, por él o por su abogado, el taquígrafo expedirá gratis tales copias." Luego la ley continúa diciendo: "Y en todos los casos civiles en que una persona parte en la acción presente una declaración jurada donde conste estar imposibilitada para satisfacer las costas requeridas por la ley, dicha persona tendrá derecho a los servicios gratuitos del taquígrafo del tribunal, en los mismos términos en que éste presta sus servicios a los pobres indigentes en las causas criminales y los derechos del taquígrafo se incluirán en las cos-

tas cuando fueren impuestas a la parte que pudiese pagarlas.''

El juez de distrito, a nuestro juicio, dió demasiada importancia a las palabras ''en los mismos términos en que éste presta sus servicios a los pobres indigentes.'' Las palabras ''pobres indigentes'' tal cual se usan en la cláusula anterior deben ser interpretadas en relación con el contexto. En la oración anterior la legislatura acababa de decir que el taquígrafo expedirá gratis copia de la transcripción a cualquier acusado en una causa criminal que ''pruebe al tribunal, por medio de una declaración jurada o por otro medio, que él no está en condiciones por razón de su pobreza de pagar por la referida copia.'' Aquí la legislatura trataba directamente de lo que debe exigirse a un acusado insolvente en una causa criminal y la única prueba requerida fué que demostrase ''que él no está en condiciones por razón de su pobreza de pagar'' y no que es un ''pobre indigente''. Inmediatamente antes de las palabras a que dió énfasis la corte de distrito la legislatura acababa de decir que la declaración jurada necesaria en los casos civiles para dar derecho a una persona ''a los servicios gratuitos del taquígrafo del tribunal'' lo era una declaración jurada ''donde conste estar imposibilitada para satisfacer las costas requeridas por la ley.'' Así pues la imposibilidad para pagar fué la prueba expresamente prescrita por la legislatura tanto para casos civiles como criminales cuando la legislatura tuvo su mente fijada directamente en la cuestión de cuál debía ser dicha prueba. No creemos que la legislatura, después de conceder un privilegio a todos los acusados en causas criminales que por razón de su pobreza no estén en condiciones de pagar, tuviese la intención en la siguiente oración refiriéndose meramente a tales acusados como ''pobres indigentes'' de privar a muchos o a la mayoría de ellos, de tal privilegio. No obstante, éste sería el resultado si la palabra ''indigente'' se interpretara en la forma en que lo hizo la corte de distrito, en el sentido de que significa persona insolvente, o carente de las cosas necesarias de la

vida y se permitiera entonces destruir la disposición clara de la oración anterior. Además, tal interpretación haría que la segunda oración fuese claramente contradictòria en sus propios términos. Por tanto las palabras ''pobres indigentes'' deben ser consideradas en el sentido de que significan personas que por razón de su pobreza no están en condiciones de pagar por una transcripción. Ésta fué la conclusión a que llegaron la corte de distrito y este tribunal en el caso de *Berríos* v. *Garáu*, 44 D.P.5R. 775. Esta conclusión también está en armonía con el artículo 356 del Código de Enjuiciamiento Criminal el que, conforme fué enmendado en 1925 dispone ahora que: ''. . . cuando el acusado apelante hubiere probado su insolvencia a la corte, será deber de ésta ordenar al taquígrafo que prepare y radique la transcripción libre de derechos.'' Véase también *Pueblo* v. *Lawton*, 46 D.P.R. 184, y *Pueblo* v. *Ramos Avilés*, ante pag. 213.

*Debe revocarse la resolución apelada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*