Flor Camacho, peticionario, *v.* Corte de Distrito de Bayamón, Hon. Fernando Gallardo Díaz, Juez, demandado.

Núm. 1700.—*Sometido:* Noviembre 3, 1947. *Resuelto:* Noviembre 26, 1947.

*Benigno Dávila,* abogado del peticionario.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Flor Camacho radicó una demanda de divorcio en la corte de distrito por la causal de separación. Alegó que tiene cinco hijos, tres de los cuales viven con él. También radicó una moción solicitando el beneficio de pobreza en la cual juró que "es pobre en el sentido de que no percibe rentas ni emolumentos de clase alguna excepto lo que escasamente gana para vivir." Dos personas radicaron declaraciones juradas en apoyo de esta moción, en las cuales dicen que el demandante gana "escasamente para vivir y atender las necesidades más perentorias de él y su familia, y carece de recursos para poder atender los gastos de litigios, o de cualquiera otra clase en las cortes." La corte de distrito denegó la moción.

Camacho solicitó reconsideración, presentando dos declaraciones juradas adicionales, una del Alcalde de su pueblo, al efecto de que "es un hombre muy pobre, que trabaja a jornal, y que solamente trabaja como dos o tres días a la semana, de manera que lo que gana le da escasamente para vivir y atender las necesidades de él y su familia; que es insolvente y carece de recursos para hacer gastos extraordinarios fuera de los de sostenerse él y su familia . . . .". La corte de distrito declaró sin lugar la moción de reconsideración. Expedimos auto de *certiorari* para revisar la actuación de la corte inferior.

La sección 7 de la Ley núm. 17, Leyes de Puerto Rico, 1915 (pág. 45), según quedó enmendada por la Ley núm. 58, Leyes de Puerto Rico, 1942 ((1) pág. 569), lee en parte como sigue:

"Cualquier vecino de Puerto Rico que desee entablar una acción civil y no pudiere pagar los derechos requeridos por esta Ley, podrá presentar al secretario una declaración jurada exponiendo su imposibilidad de pagar dichos derechos, juntamente con una copia de la demanda que se propone deducir, y el secretario someterá dicha declaración jurada y la referida demanda al juez del tribunal; y si dicho juez juzgara suficiente en derecho la demanda, permitirá que

se anote dicha demanda, por lo cual el demandante tendrá derecho a todos los servicios de todos los funcionarios del tribunal y a todos los mandamientos y providencias del mismo, como si los derechos hubiesen sido satisfechos. . . .''

La corte de distrito no expuso los motivos que tuvo para denegar la moción de Camacho solicitando permiso para litigar *in forma pauperis*. Sin embargo, como la propuesta demanda es ''suficiente en derecho,'' suponemos que la corte inferior creyó que el demandante no demostró debidamente que ''no podía pagar los derechos requeridos'' por la Ley núm. 17.

No se ha citado caso alguno que interprete la incapacidad de pagar bajo la Ley núm. 17. Pero en una situación similar en casos criminales, hemos indicado que el peticionario no viene obligado a demostrar que es absolutamente insolvente, desamparado, y sin medios de vida. Más bien el requisito es que por razón de pobreza no puede pagar los derechos. *Pueblo* v. *Pagán*, 48 D.P.R. 286; *Berríos* v. *Garáu*, 44 D.P.R. 775. Véanse *Pueblo* v. *Lawton*, 46 D.P.R. 184 y *Pueblo* v. *Ramos*, 48 D.P.R. 213. Según indica la corte en *Fils* v. *Iberra, St. M.&E.R. Co.*, 82 So. 697, 700 (La., 1919): ''Para tener derecho a demandar in forma pauperis, no es necesario que el litigante potencial esté en tal desamparo que no tenga una cama en qué dormir, o una mesa en qué comer, o una silla en qué sentarse.'' (Véase Anotación, 6 A.L R. 1281.)

■ Debe entenderse que no es nuestra intención abrir las puertas a un torrente de litigación civil in forma pauperis por aquéllos que, si bien viviendo modestamente, pueden, aún con alguna dificultad, pagar las costas ocasionadas por tales pleitos. La cuestión debe siempre determinarse a la luz de las condiciones locales y a discreción de la corte sentenciadora. Véanse *Howard* v. *Western Auto Supply Co.*, 192 So. 137 (La., 1939); *Alexander* v. *Superior Court*, 84 P.2d 1061 (Calif., 1939); *Van Benthuysen* v. *Gengler*, 100 S.W.2d 116 (Tex., 1936). Además, este privilegio debe otorgarse restric-

tivamente y la discreción de la corte "debe ejercitarse con el mayor cuidado, a fin de evitar que personas poco escrupulosas, que no son ni indigentes ni poseen derechos sustanciales, disfruten de este privilegio." *Majors* v. *Superior Court,* 184 P. 18, 22 (Calif., 1919).

En este caso la corte inferior puede haber creído que el demandante debió haber expuesto en detalle sus ingresos y egresos, así como declarar afirmativamente, como se hizo aquí, que él no tenía bienes o medios fuera de sus ingresos diarios. En verdad, creemos aconsejable que las cortes sentenciadoras exijan toda esta información. Pero aquí la corte inferior nunca le hizo saber al demandante por qué le había denegado dos veces su moción. El demandante adujo evidencia de que sus únicos medios consistían de sus ingresos como jornalero dos o tres días a la semana. Y toda vez que suscribió su moción con una marca, es de presumirse que es analfabeto e indudablemente sus ingresos muy escasos. Bajo todas estas circunstancias, creemos que la moción debió haber sido declarada con lugar. Sin embargo, volvemos a enfatizar que este privilegio debe interpretarse estrictamente y que la corte de distrito no debe conceder tales mociones con la mera declaración de incapacidad para pagar las costas, pero debe exigir tanto una declaración afirmativa en cuanto a posesión de bienes y una lista expresa y detallada de los ingresos, gastos, activo y otros medios de fortuna, con el fin de que la corte pueda ejercitar su discreción inteligentemente en solicitudes para litigar in forma pauperis. Véase *Sears* v. *Tindall,* 15 N.J.L. 399 (1836), según se cita en 6 A.L.R. a la pág. 1286.

*La resolución de la corte de distrito será anulada y se devolverá el caso con instrucciones de que se conceda la moción del demandante solicitando permiso para litigar in forma pauperis.*