EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ex parte:<br><br><br>Madeline Colón Rodríguez | 2022 TSPR 143<br><br>210 DPR ___ |

Número del Caso: MC-2022-81


Fecha: 21 de noviembre de 2022


Abogada de la parte peticionaria:

Por derecho propio


Materia: Resolución del Tribunal con Voto Particular de Conformidad y Voto Particular Disidente.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex parte:

Madeline Colón Rodríguez

                          MC-2022-0081

      Peticionaria

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de noviembre de 2022.

Luego de examinar la Solicitud y Declaración para que se exima de pago de arancel por razón de indigencia que presentó la Sra. Madeline Colón Rodríguez, **se le ordena a la peticionaria que, en un término de diez (10) días**, contados a partir de la notificación de esta Resolución, presente evidencia de lo informado en tal solicitud con relación a los ingresos y gastos.

Entiéndase como ejemplos los siguientes: Talonario; Copia del cheque de ingresos por trabajo; Copia de las facturas de servicios de utilidades (energía eléctrica, agua, teléfono); Recibo de pago de estos servicios; Copia del contrato de renta, entre cualquier otro que entienda pertinente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García emitió un Voto Particular de Conformidad al cual se le une el Juez Asociado señor Martínez Torres, la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Feliberti Cintrón.

El Juez Asociado señor Estrella Martínez emitió un Voto Particular Disidente al cual se le unen la Jueza Presidenta Oronoz Rodriguez y el Juez Asociado señor Colón Pérez.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ex parte:<br><br>Madeline Colón Rodríguez<br><br><br>Peticionaria | MC-2022-0081 |

**Voto Particular de Conformidad emitido por el Juez Asociado señor Rivera García al cual se le une el Juez Asociado señor Martínez Torres, la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Feliberti Cintrón.**

En San Juan, Puerto Rico, a 21 de noviembre de 2022.

**"Le corresponde al solicitante demostrar su insolvencia, pues la concesión del privilegio de litigar con el beneficio de [indigencia] debe interpretarse estrictamente.**[1] Este sencillo pronunciamiento, el cual el sector disidente obvia de manera acomodaticia cuando cita parte del texto de Gran Vista I v. Gutiérrez y otros, *infra*, es totalmente consistente con la determinación que en este caso específico se toma, y con la cual estamos totalmente conformes.

No obstante, en aras de evitar que se desvirtúe el razonamiento que condujo a una mayoría de este Tribunal a requerir ciertos documentos —*de fácil, cómodo y rutinario acceso*— para evaluar responsablemente una solicitud para litigar *in forma pauperis*, que tiene como fin despejar ciertas dudas que nos surgieron al ponderar

---

[1] *Gran Vista I v. Gutiérrez y otros*, 170 DPR 174, 191 (2007).

la misma, estimo necesario emitir este voto particular de conformidad.

## I

Los hechos que dieron paso a la Resolución que hoy se certifica, son los siguientes: La Sra. Madeline Colón Rodriguez (peticionaria) acudió ante nos mediante un recurso intitulado *Recurso de apelación civil*, el cual acompañó con una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia*. En esta última, la peticionaria indicó que no contaba con los recursos económicos para sufragar el costo de los aranceles, por lo que solicitó su exención.

En los encasillados correspondientes, indicó que labora como empleada de manufactura para la compañía multinacional Medtronic, que recibe un sueldo de $1,300.00 mensuales y que sus gastos entre los que se encuentran renta, energía eléctrica, agua, teléfono, alimentos etc., ascienden, presuntamente, a sobre $1,460.00. La solicitud se tramitó a través del Formulario OAT 1480, el cual, además de ser uno firmado bajo la advertencia de perjurio, <u>requiere que se le evidencie al foro judicial documentos que sustenten su alegación de indigencia, y para ello, ofrece múltiples ejemplos</u>. Este Tribunal, en pleno ejercicio de su discreción, decidió requerirle a la señora Colón Rodríguez que, dentro de un término razonable de diez

(10) días, sustentara de la manera que mejor pudiese y con los documentos que entendiera pertinente, su alegación de indigencia.

**II**

En primer lugar, la tribuna disidente califica el requerimiento que en este caso hacemos como "una especie de informe financiero como condición previa a evaluar [la] solicitud". Ciertamente, esta frase, a mi juicio, resulta ser infundada y se aparta del criterio de razonabilidad de nuestro requerimiento. La intención genuina de una mayoría de esta Curia, al sentirse insatisfecha con lo plasmado en el formulario, es cerciorarse de que la persona que aduce carecer de medios para pagar los correspondientes aranceles, en efecto, es merecedora de tal exención. Descansar plena y llanamente en las alegaciones que haya esbozado la peticionaria, únicamente porque se hicieron bajo advertencia de perjurio, derrota la naturaleza misma de la capacidad discrecional que se le reconoce al adjudicador en este tipo de asuntos, máxime, cuando no nos sentimos satisfechos con la información presentada. Me explico.

La propia Ley de aranceles de Puerto Rico,[2] en lo pertinente, dispone que el Secretario/a del Tribunal referirá la solicitud de indigencia a la atención de un

---

[2] 32 LPRA 1476 *et seq.*

magistrado, "y si [este] juzgare suficiente en derecho la demanda y **estimare probada la incapacidad** para satisfacer los derechos requeridos por esta Ley, permitirá que se anote dicha demanda".[3] De igual forma, reconoce que el Juez "**podrá requerir cualquier información adicional que creyere necesaria** cuando una persona solicita que se le releve del pago de costas".[4] Es decir, la propia ley arancelaria le reconoce al adjudicador discreción para conceder la solicitud de indigencia o para denegarla cuando entienda que no se probó el estado de pobreza, por lo que la adjudicación de este tipo de solicitudes no es automática. En ese sentido, la determinación a la que hoy llega este Tribunal no se aparta de ningún mandato legislativo, y, lo que es más, le brinda la oportunidad a la peticionaria para que sustente mejor su solicitud. De hecho, ante la inconformidad que sentimos con lo declarado por la peticionaria en su formulario, muy bien pudimos haber denegado de plano la solicitud, pues la ley nos lo permite, **pero no se hizo**. ¿Por qué? La contestación a esto es elemental: darle oportunidad a la peticionaria a que solidifique su petición.

En segundo lugar, en <u>Gran Vista I v. Gutiérrez y otros</u>, 170 DPR 174 (2007), reconocimos que quien solicita la exención del pago de aranceles no está

---

[3] Íb., secc. 1482.
[4] Íb.

obligado a demostrar que es absolutamente insolvente o que está desamparado, sino más bien, que por razón de pobreza no pueda pagar los derechos arancelarios. **No obstante, determinamos que "le corresponde al solicitante demostrar su insolvencia, pues la concesión del privilegio de litigar con el beneficio de [indigencia] debe interpretarse estrictamente".**[5] Ciertamente, este pronunciamiento no se hizo en un vacío. El privilegio de litigar sin pagar los derechos debe otorgarse restrictivamente y el foro adjudicador deberá ejercer el mayor cuidado posible "**a fin de evitar que personas poco escrupulosas, que no son ni indigentes ni poseen derechos sustanciales, disfruten de este privilegio**".[6]

Indiscutiblemente, el hecho de no pagar los derechos arancelarios, además de poder tener efecto sobre la tramitación del recurso en sí, tiene implicaciones directas con el fisco. Conceder llanamente la solicitud *in forma pauperis* a cualquier persona que afirme se encuentre en estado de indigencia sin la autoridad de que el Tribunal le inquiera o le cuestione sobre alguna incomodidad o duda que tenga sobre el particular, abriría la puerta para que se cree un artificio para defraudar al erario. Por ello,

---

[5] *Gran Vista I v. Gutiérrez y otros*, supra.
[6] *Camacho v. Corte*, 67 DPR 802, 805 (1947), citado con aprobación en *Gran Vista I v. Gutiérrez y otros*, supra.

categorizar de "cortapisas" la función del Tribunal de indagar sobre un aspecto en el que no se encuentra claro, me parece desacertado por demás.

En esta misma línea, me parece totalmente pertinente mencionar la Regla 18 del Reglamento para la administración del Tribunal de Primera Instancia, la cual atiende lo atinente a las solicitudes de litigación *in forma pauperis*. En lo pertinente, la mencionada regla dispone que "**[e]l tribunal, en el ejercicio de su discreción, podrá celebrar una vista para la consideración de la solicitud**". Aunque la anterior regla está dirigida a los procesos en el foro primario, no existe diferencia alguna sobre la litigación *pauperis* en ninguna de las tres instancias judiciales de la isla. Por ello, el raciocinio es el mismo en cualquier etapa, o sea, el de permitirle al foro adjudicador indagar sobre los méritos de la solicitud de indigencia cuando no se sienta complacido con lo presentado, para que, en el ejercicio de su sana discreción, emita una decisión inteligente sobre este tipo de solicitudes.[7]

### III

En el día de hoy una Mayoría de este Tribunal, ejerciendo la discreción que posee para atender solicitudes como la que está en cuestión, y en aras de emitir una determinación inteligente y libre de dudas,

---

[7] Véase, *Camacho v. Corte*, supra, pág. 805.

decide requerirle a una peticionaria que nos muestre, <u>de la manera que mejor entienda y con la documentación que conciba pertinente</u>, evidencia que nos mueva conceder la solicitud de litigación en estado de indigencia.

Ahora bien, las voces disidentes catalogan tal petitorio, caprichosamente, como "una medida en extremo onerosa"[8] y como una "barrera al acceso a la justicia".[9] Para ejemplificar lo distante que se encuentran estas expresiones de la realidad, un documento que se podría presentar para justificar el ingreso de una persona es el talonario de pago que se le otorga cuando cobra. Entonces, me pregunto, ¿acaso es extremadamente oneroso conseguir su propio talonario?, ¿O una copia del cheque? **La contestación a esto es más que evidente.**

De igual forma, en cuanto a los gastos en que recurrentemente se incurre, el propio formulario reconoce como evidencia, la presentación de <u>facturas, recibos de pagos y copia de contratos</u>, entre otras. De nuevo, nos preguntamos, ¿resulta extremadamente oneroso conseguir, por ejemplo, los recibos de pago de los servicios de agua, energía eléctrica, teléfono o el propio contrato de renta? **La respuesta es que no**, y mucho menos, en la época en que nos encontramos viviendo donde la mayoría de estos servicios y/o documentos se

---

[8] Voto Particular disidente del Juez Asociado Estrella Martínez, pág. 8.
[9] Voto Particular disidente del Juez Asociado Estrella Martínez, pág. 9.

tienen a la mano, con solo presionar algunos botones del dispositivo celular. No hay que incurrir en ningún gasto, ordinariamente, para poder conseguir los documentos antes mencionados, por lo que categorizar de excesivamente onerosa esta exigencia es una conclusión desacertada.

El fin del requerimiento que en este día hacemos responde, exclusivamente, a la insatisfacción que sentimos al ponderar lo presentado en una solicitud de indigencia. Al no estar conforme, y no tener un ápice de evidencia que nos ayudara en nuestra gestión, bajo la discreción que ostentamos, decidimos solicitar un poco más de información con el propósito de no coartarle oportunidad alguna a la peticionaria y permitirle despejar las dudas que tuvo este Tribunal. Bajo los ojos de nadie esto debe entenderse como irrazonable o caprichoso, sino todo lo contrario. Se tiene que entender como un ejercicio genuino del Más Alto foro judicial para asegurarse de que ciertas alegaciones son correctas, con el objetivo cardinal de evitar la indebida proliferación del uso incorrecto de las solicitudes *in forma pauperis*.

Ciertamente, **la determinación a la que aquí llegamos no es una camisa de fuerza y <u>mucho menos debe entenderse como una norma absoluta</u>**. Todas estas solicitudes tienen sus particularidades y <u>deben ser</u>

atendidas caso a caso. Por ello, entiendo que es incorrecto el ejercicio que hace una minoría de este Tribunal al equiparar las realidades de los confinados o los inmigrantes con las de un civil con plenas capacidades, simplemente, por sostener la opinión de que en un futuro se le cerrará el acceso a la justicia a estos. Indudablemente, esos tipos de realidades son diferentes y se tienen que analizar desde su justa perspectiva. En ese sentido, no estoy, y nunca podré estar de acuerdo, con la trillada frase de que una mayoría de este Tribunal le cierra las puertas a los más necesitados cuando se exterioriza fuera de contexto y para el agrado de algunos sectores. Una vez más, se observa la tendencia de disertar para las gradas.

Por las razones anteriormente expuestas, estoy conforme con la Resolución que hoy emite este Tribunal.

Edgardo Rivera García
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ex parte:<br><br>Madeline Colón Rodríguez<br><br>Peticionaria | MC-2022-0081 |

Voto particular disidente emitido por el Juez Asociado Señor ESTRELLA MARTÍNEZ, a la cual se unen la Jueza Presidenta ORONOZ RODRÍGUEZ y el Juez Asociado señor COLÓN PÉREZ.

En San Juan, Puerto Rico, a 21 de noviembre de 2022.

> "El mandato de acceso a la justicia no puede quedarse en meros discursos. Hay que poner la palabra en la acción".[1]

Hoy la acción no es cónsona con la palabra. El mandato de acceso a la justicia se ve seriamente comprometido debido a que ante una solicitud para litigar como indigente, este Tribunal exige unos requisitos que se extralimitan irrazonablemente de lo exigido por la ley que habilita la litigación in forma pauperis.

En lo que ciertamente representa una imposición onerosa sobre la parte peticionaria, una Mayoría de este Tribunal le requiere a una litigante que, en un término de diez (10) días, provea evidencia que justifique sus ingresos reportados, así como todos y cada uno de sus gastos mensuales. Esto bajo el argumento de que esa información extrínseca es imprescindible para evaluar los

---

[1]Santana Báez v. Adm. Corrección, 190 DPR 983, 984 (2014) (Sentencia) (Opinión de conformidad del Juez Asociado Señor Estrella Martínez).

méritos de la solicitud para litigar in forma pauperis la cual, debo enfatizar, fue efectuada bajo pena de perjurio. **Ello, a pesar de que de la propia Sentencia recurrida surge que el Tribunal de Apelaciones aprobó su solicitud para litigar in forma pauperis.**

**Como agravante, este requerimiento de información detallado sobre las finanzas personales de una parte que solicita litigar como indigente se aleja del proceso ordinario y rutinario puesto en práctica por este Tribunal al evaluar solicitudes de este tipo.** Con este proceder, se impone una serie de cortapisas innecesarias a la hora de considerar una solicitud de litigación in forma pauperis. **Ante tal peligroso curso de acción, disiento.**

A continuación, detallo los fundamentos que, a mi juicio, justifican conceder la solicitud de epígrafe. De igual forma, consigno mi preocupación respecto a los efectos nocivos que tendrá la postura adoptada por la Mayoría sobre esta y subsiguientes peticiones instadas ante este Foro.

**I**

De entrada, considero que el proceder mayoritario se aleja en gran medida de la intención legislativa plasmada en la Ley de aranceles de Puerto Rico, 32 LPRA 1476 et seq. y el Código de enjuiciamiento civil de Puerto Rico, 13 LPRA sec. 1482. De conformidad a esa legislación, se permite que cualquier persona pueda presentar una solicitud para litigar in forma pauperis siempre que

carezca de medios económicos para satisfacer los derechos requeridos por ley; en el caso de epígrafe, se trata de la inhabilidad de sufragar los gastos arancelarios para tramitar su caso a nivel apelativo.

De igual forma, el proceder mayoritario pone en entredicho la declaración de principios y objetivos plasmada en la Ley de la judicatura de 2003, que dispone que el Poder Judicial será "accesible a la ciudadanía" y "prestará servicios de manera equitativa, sensible y con un enfoque humanista". 4 LPRA sec. 24a. Ello con el fin de promover el "acceso inmediato y económico a un sistema de justicia sensible a la realidad de los distintos miembros de la sociedad". Fraya v. A.C.T., 162 DPR 182, 189 (2004).

En consonancia con tales objetivos, hemos establecido que "[l]os estatutos aprobados para permitir la litigación in forma pauperis cumplen el propósito de abrir las puertas de los tribunales a todos los ciudadanos, no empece la incapacidad económica de algunos para sufragar los costos asociados a un litigio". Gran Vista I v. Gutiérrez y otros, 170 DPR 174, 191 (2007). En ese sentido, quien solicite litigar como indigente "no [está] obligado a demostrar que es absolutamente insolvente, desamparado, y sin medios de vida. Más bien[,] el requisito es que por razón de pobreza no pueda pagar los derechos". Íd., (citando a Camacho v. Corte, 67 DPR 802, 804 (1947)).

De hecho, en Santana Báez v. Depto. Corrección, 202 DPR 233 (2019) (Resolución) (Voto particular de conformidad del Juez Asociado Señor Estrella Martínez al que se unieron la Juez Asociada Señora Rodríguez Rodríguez y los Jueces Asociados Señores Rivera García y Colón Pérez), ante la invitación del Estado a imponer trabas y requisitos adicionales a la litigación in forma pauperis, alerté que con ello se pretendía penalizar al litigante responsable que cumplió con la normativa vigente y que "[t]al interpretación obstaculiza el acceso a los tribunales y se aleja de nuestra política que promueve que las controversias se resuelvan en sus méritos de forma adecuada, completa y oportuna". Íd., pág. 242. Asimismo, señalé que se pretendía "'legislar' este nuevo requisito jurisdiccional que fomenta que se prolo[n]gue aún más el litigio al requerir una especie de 'mini juicio' cada vez que se presente una solicitud para litigar in forma pauperis. Tal interpretación lacera el acceso a los tribunales y afecta el principio de economía procesal". (Cita depurada). Íd., pág. 243.

En esa misma línea, se consignó que "[l]os Jueces y Juezas de este Tribunal tenemos la responsabilidad indelegable de garantizar que todas las personas puedan acudir a los tribunales en igualdad de condiciones, con independencia de cualquier otro factor que no sea el mérito de sus argumentos". Íd., pág. 234 (Voto particular de conformidad de la Jueza Presidenta Oronoz Rodríguez). Lo

anterior "necesariamente conlleva no imponer requisitos procesales adicionales a los que exige nuestro ordenamiento y que, peor aún, afectarían a los más des[a]ventajados"." Íd.

Hoy lo señalado en los votos particulares de conformidad antes citados cobra mayor relevancia ante el escabroso curso de acción adoptado por una Mayoría de este Tribunal. Y es que requerir a una parte litigante que provea una especie de informe financiero como condición previa a evaluar su solicitud es una barrera onerosa e irrazonable que lacera el acceso a los tribunales y que incidirá negativamente sobre los sectores más desventajados de nuestra población. El caso de epígrafe así lo ejemplifica. Veamos.

## II

La Sra. Madeline Colón Rodríguez (Peticionaria) instó ante este Tribunal un <u>Recurso de apelación civil</u> con el objetivo de que revisemos cierta <u>Sentencia</u> emitida por el Tribunal de Apelaciones.[2] Junto con su recurso, esta presentó una <u>Solicitud y declaración para que se exima de pago de arancel por razón de indigencia</u> utilizando del Formulario OAT 1480 de septiembre de 2022. Cabe destacar

---

[2]Debo resaltar que, según surge de la <u>Sentencia</u> emitida por el Tribunal de Apelaciones tan reciente como el 13 de octubre de 2022, a la Peticionaria se le permitió litigar como indigente ante ese foro. **Ello es indicativo de lo innecesario del requerimiento de información solicitado por la Mayoría para evaluar su capacidad económica.**

que este tipo de formulario es mayormente empleado en los Tribunales de Primera Instancia y no a nivel apelativo. Aun así, la información consignada en tal documento es bajo pena de perjurio.

A pesar de que es evidente que la Peticionaria satisface los requisitos para litigar como indigente ante este Tribunal, una Mayoría concluye que esta no logró probar el requisito de indigencia. En ese análisis intima que, por tratarse de una persona que ha aceptado tener cierta capacidad económica, para considerar su solicitud es requisito <u>sine qua non</u> que esta provea evidencia de sus ingresos y gastos recurrentes mensuales. Solo de esta forma, alegadamente, estarán en posición de pasar juicio sobre la solicitud de manera concreta e informada. **No puedo avalar semejante razonamiento**. El hecho de que la Peticionaria cuente con un empleo no significa que no sea indigente para propósitos de eximirla del pago de aranceles ante nos. Existen otros factores a considerar. Me explico.

Al examinar el documento cumplimentado bajo juramento por la Peticionaria, ciertamente surge que esta posee un empleo con un salario mensual de $1,300. No obstante, afirma no contar con otras fuentes de ingreso familiar, no poseer bienes inmuebles, no ser propietaria del lugar donde reside y que sus dos (2) hijos actualmente dependen de ella para su subsistencia. Adicionalmente, aseveró lo siguiente en el reglón de gastos y obligaciones:

alimentación ($300), ropa ($100), agua potable ($100), energía eléctrica ($250), teléfono ($60), transportación ($200) y pago de hipoteca o alquiler de residencia principal ($450) para un total mensual de $1,460. Entiéndase, la Peticionaria atestiguó, **bajo pena de perjurio**, que posee un déficit mensual de $160. Por tanto, el hecho de que esta sea asalariada no puede ser óbice para cuestionar lo afirmado en su solicitud. Al contrario, los gastos reportados por esta son reflejo de aquellos en los que incurre una jefa de familia en el Puerto Rico de hoy día. **Por consiguiente, sostengo que la información brindada era suficiente para conceder su solicitud para litigar in forma pauperis**.

Es por esto que me causa gran preocupación que ahora un sector de este Tribunal exija más de lo que contempla nuestro ordenamiento jurídico. De hecho, estos nuevos requerimientos de información se distancian de la práctica usual de este Tribunal al evaluar las solicitudes para comparecer in forma pauperis que rutinariamente se nos presentan. Debo enfatizar que el formulario que a esos fines provee la Secretaría no requiere el nivel de especificidad contemplado en el Formulario 1480. De modo que, ante nos, solo se exige que se presente el correspondiente escrito en donde se declare que por razón de su condición económica el solicitante está imposibilitado de pagar los derechos y aranceles, que está convencido de que su reclamación es meritoria y que se

acompañe con una <u>Declaración en apoyo de solicitud para litigar como indigente (in forma pauperis)</u>. En esa declaración, la parte solicitante debe detallar de forma sencilla sus fuentes de ingresos y gastos mensuales. Así, tras analizar la información provista descargamos nuestro deber y pasamos juicio sobre la procedencia de estas solicitudes. Es decir, en momento alguno se le solicita que provea evidencia extrínseca que compruebe lo allí declarado cuya complejidad se asemeja más a la preparación de un informe financiero. Indudablemente, ello no opera en un vacío. Al contrario, el hecho de que esta información se brinde bajo pena de perjurio y se juramente ofrece una garantía de confiabilidad que hace innecesario que se provea evidencia adicional para sustentar lo allí declarado.

Como agravante, este requerimiento de información financiera constituye una medida en extremo onerosa para la parte peticionaria. Opino que en la práctica tal exigencia tendrá el efecto de cerrar las puertas de este Tribunal a personas que por su condición de indigencia económica no podrán pagar los aranceles y tampoco cumplir con presentar el equivalente a un informe financiero para evaluar su solicitud. En ese sentido, la parte solicitante queda atrapada en la encrucijada de, por una parte, utilizar sus pocos recursos económicos para sufragar el costo de arancel o, por otra, desembolsarlos en recopilar, reproducir y presentar la información financiera requerida

bajo la nueva lógica adjudicativa que hoy implanta este Tribunal. Esto es, sin lugar a duda, algo totalmente contrario a la política pública judicial y legislativa que imperaba en la consideración de este tipo de solicitud.

Inescapablemente, el final de esa encrucijada es fatal a los objetivos que se persiguen en los estatutos que vindican la presentación de estas solicitudes. Esto, con el efecto de que ello conlleve que se hagan inoficiosas las avenidas contempladas en nuestro ordenamiento para que las personas indigentes accedan a este Tribunal.

En consecuencia, en lugar de derribarse, hoy se acrecientan las barreras al acceso a la justicia. Con ello, erguirá un escollo adicional a la consideración de los recursos en los méritos toda vez que se instaura una especie de "mini juicio" cada vez que se presente una solicitud para litigar in forma pauperis y el Juez o la Jueza, a pesar de quedar convencido de la condición de indigencia declarada, tendrá que embarcarse en un tedioso proceso en extremo formalista, burocrático y falto de sensibilidad. Consecuentemente, se le forzará a los necesitados a litigar primeramente su estado económico y, si logran prevalecer en ese extremo, entonces podrán ser acreedores de que el Tribunal pase juicio sobre los méritos de su recurso.

Por tanto, rechazo la imposición de requisitos adicionales no contemplados en los estatutos vigentes que conlleven que la parte solicitante tenga que presentar un

informe financiero con evidencia extrínseca a lo declarado en tal solicitud. Y es que ni FEMA exige el nivel de especificidad ahora requerido por la Mayoría para evaluar y adjudicar la elegibilidad de los solicitantes para algunas de sus ayudas. Lamentablemente, las consecuencias de proseguir tal curso de acción recaerán sobre las espaldas de los sectores más desventajados de nuestra población. Hoy es una jefa de familia la víctima de este nuevo proceso. Mañana será el confinado, el inmigrante y muchos otros que no tienen un archivo para custodiar ni mucho menos dinero para reproducir la multiplicidad de documentos que sorprendentemente requiere una Mayoría de este Tribunal.

Para todos los fines prácticos, esto también implica un aumento en los costos de litigación, pero dirigido exclusiva y paradójicamente a los sectores indigentes. Es por ello que resulta pertinente recordar los expuesto por varios compañeros de estrado cuando nos opusimos al aumento de aranceles:

> La decisión que anuncia hoy una Mayoría de este Tribunal constituye un uso arbitrario del "Poder"; no del "poder" que nos confieren las leyes y la Constitución de Puerto Rico, sino del "Poder" como concepto de una comunidad política desarrollada. Lamentablemente, hoy cinco (5) compañeros han debilitado el acceso a la justicia en Puerto Rico al aumentar los costos que conllevan virtualmente todos los procedimientos judiciales en la Isla. Ello en momentos en que es evidente que el Pueblo no aguanta más aumentos en los costos económicos de

su vida a causa de sus instituciones gubernamentales.

El "acceso a la justicia" no puede ser un estribillo amorfo que solamente abracemos en la comodidad de los discursos y los círculos académicos. Si el acceso a la justicia en realidad es un valor que perseguimos como [Poder] Judicial, es en determinaciones como las de hoy en donde a fin de cuentas ese valor debe defenderse a capa y espada. Después de todo, la oda en discursos al acceso a la justicia la recordarán pocos, a diferencia de las decisiones como las que hoy se anuncian. In re Aprob. Derechos Arancelarios RJ, 192 DPR 397, 418-419 (2015) (Resolución) (Voto particular disidente emitido por la Jueza Asociada Señora Pabón Charneco, al cual se unieron los Jueces Asociados Señores Kolthoff Caraballo y Rivera García).

## III

Por todo lo cual, consecuentemente reafirmo que el requerimiento de información financiera detallada exigido por una mayoría de este Tribunal como condición para evaluar la solicitud para comparecer en calidad de indigente y la eventual consideración del recurso instado por la Peticionaria representa una medida onerosa que limita el acceso a la justicia. De igual modo, reitero que ello constituye un contrasentido práctico en la medida en que recopilar, reproducir y presentar esa información puede conllevar que la parte peticionaria incurra en gastos mayores al costo del arancel de presentación de recursos ante este Tribunal. Evidentemente, se están

imponiendo cortapisas irrazonables e improcedentes a las solicitudes de litigar in forma pauperis en este Foro.

Por consiguiente, sostengo que el requerimiento de información exigido a la Peticionaria es innecesario. La información que esta brindó bajo pena de perjurio era suficiente para adjudicar su solicitud. Por tanto, hubiese declarado con lugar su petición para litigar in forma pauperis. Al no ser este el criterio mayoritario, disiento.


                              Luis F. Estrella Martínez
                                   Juez Asociado