Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ALFREDO ROSA VERA<br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurridos | KLRA202500242 | ***Revisión Administrativa***<br>Procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>C.D.O.224-24<br><br>Sobre:<br>Remedio Administrativo |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de agosto de 2025.

El 24 de abril de 2025, el señor Alfredo Rosa Vera, en adelante Rosa Vera o el recurrente, miembro de la población correccional presentó el recurso que nos ocupa. Mediante escrito de revisión judicial nos solicita la eliminación de la sentencia impuesta en su contra por violaciones al artículo 5.04 de la Ley de Armas de manera que el Departamento de Corrección y Rehabilitación lo elimine de su Hoja de Liquidación de Sentencia. Los hechos son los siguientes.

**I**

Rosa Vera presento la Solicitud de Remedios Administrativos número CDO-244-24, el 11 de diciembre de 2024. En apretada síntesis, reclama se corrija el orden de las penas impuestas contra este en la Hoja de Liquidación de Sentencia al entender que no se han aplicado correctamente, causándole perjuicio conforme la Ley 85-2022.

Número Identificador

SEN2025_____

En su recurso no presenta un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida con su discusión incluyendo las disposiciones de ley y la jurisprudencia aplicables. Véase regla 59 (C) (e) y (f).[1] Mas bien presenta un relato de porque, en su opinión, el Departamento de Corrección y Rehabilitación (DCR) ha errado en la aplicación de las penas y su cumplimiento.

Por otro lado, el recurrente no ha satisfecho los aranceles correspondientes a la presentación del recurso ni ha solicitado permiso para litigar *in forma pauperis*. Todo litigante tiene que cumplir con su obligación de acompañar el pago de aranceles para iniciar el trámite de su causa; de lo contrario, el recurso sería inoficioso. Un escrito judicial que no cumple con el pago de arancel es nulo e ineficaz. Ley Núm. 47-2009, 32 LPRA sec. 1476 *et seq*; *In re: Aprobación Der. Arancelarios R. J.*, 192 DPR 397 (2015). El pago de aranceles sirve para cubrir los gastos asociados a los trámites judiciales. De ahí que toda persona que presente un reclamo judicial deba pagar un arancel y adherir los sellos correspondientes a su recurso. *Gran Vista I v. Gutiérrez y Otros*, 170 DPR 174, 188-189 (2007).

No obstante, existen circunstancias, en las que se reconoce el derecho a litigar *in forma pauperis*. El litigante que obtiene un permiso para tramitar su caso *in forma pauperis*, está exento de pagar los aranceles o derechos de presentación requeridos por ley.

Por otro lado, debemos destacar que en Puerto Rico no existe legislación o antecedentes jurídicos vinculantes que eximan a los confinados o confinadas del pago de aranceles en reclamaciones civiles. Tampoco existe una presunción de que el confinamiento

---

[1] 4 LPRA Ap. XXII-B.

implique insolvencia. Igualmente, al examinar las exenciones estatutarias al pago de aranceles, tampoco se exime de dicha responsabilidad a un miembro de la población correccional de manera automática. 32 LPRA sec. 1500. De manera que, el mero confinamiento no implica automáticamente la indigencia del litigante. Sec. 6, *Ley de Aranceles de Puerto Rico,* Ley Núm. 17 de 11 de marzo de 1915, según enmendada, 32 LPRA sec. 1482. Así pues, para litigar como indigente tiene que acreditar, so pena de perjurio, la indigencia, y luego obtener la aprobación del tribunal.

El litigante que solicita litigar su caso *in forma pauperis*, tanto en causas criminales como civiles, no viene obligado a demostrar que es absolutamente insolvente, desamparado, y sin medios de vida. A este más bien lo que se le requiere, es probar que por motivo de pobreza no puede pagar los derechos. *Gran Vista v. Gutiérrez,* supra, pág. 191; *Camacho v. Corte,* 67 DPR 802, 804 (1947).

Así también, la Regla 78 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establece que cualquier parte en el procedimiento que solicite por primera vez litigar *in forma pauperis*, deberá presentar ante este tribunal una declaración, la cual certificara correcta so pena de perjurio, en la que exponga los hechos que demuestren su incapacidad para pagar los derechos y costas o para prestar garantía por estos, su conocimiento de que tiene derecho a un remedio; y una exposición de los asuntos que se presupone plantear en el recurso. Si la solicitud se concede la parte podrá litigar sin el pago de derecho y costas o sin la prestación de fianza para ello.

**II**

Presentado el recurso con los defectos antes señalados compareció el Departamento de Corrección y Rehabilitación a través de la Oficina del Procurador General solicitando la Desestimación.

Sostiene que, la insuficiencia arancelaria o, en su lugar, la omisión de la correspondiente solicitud para litigar *in forma pauperis*, constituye un defecto insubsanable que impide el perfeccionamiento del recurso. En cuanto a los méritos del recurso expuso que el Departamento de Corrección y Rehabilitación emitió las Nuevas Directrices sobre la Carta Circular Núm. 2023-02 el 11 de octubre de 2023, en la cual implementaron un nuevo esquema para computar el momento en que un miembro de la población correccional puede aspirar al privilegio de libertad bajo palabra. Esta vez, y desde entonces, se seguiría computando el mínimo de tiempo de reclusión a base de la pena más extensa entre las impuestas al miembro de la población correccional, solo que tal pena se colocaría en primer orden de extinción. De esa forma, el confinado empezaría a cumplir el único mínimo de tiempo de reclusión necesario para ser referido a la Junta de Libertad Bajo Palabra desde que ingresara al sistema correccional. Ahora bien, el tiempo cumplido sería acreditado a la pena determinante para aspirar al privilegio, es decir, a la más extensa entre las consecutivas. Por tanto, el tiempo no podía contar simultáneamente contra las penas de menor extensión, que solían ser cumplidas en primer lugar porque no podían ser amortizadas por bonificación alguna, como pretende el recurrente. Arguyen que la pretensión del recurrente, de que se le adjudique el tiempo cumplido desde que ingresó a prisión, a las penas relacionadas a la Ley de Armas, y a la vez, que se le compute desde que ingresó a prisión la pena de la sentencia más larga tendría el efecto práctico de estar extinguiendo las sentencias que se impusieron a cumplir consecutivamente de manera concurrente, lo cual sería una actuación ultra vires de Departamento de Corrección y Rehabilitación. Resumen que, lo único que el Departamento de Corrección y Rehabilitación hizo para dar fiel cumplimiento a la Ley Núm. 85-2022, en beneficio de todo confinado, fue invertir el orden

en el que la población bajo custodia cumpliría sus penas, de forma tal que siempre se comenzará por la más extensa. Esto es, aquella a partir de la cual se computaría el tiempo mínimo de reclusión para ser candidato al privilegio de libertad bajo palabra. Sostiene el Departamento que el recurrente se equivoca al concluir que se le obligará a cumplir nuevamente penas que ya había extinguido. En apretada síntesis sostienen que lo que se hizo fue debitar el tiempo de reclusión que se le había acreditado a esas penas bajo el estado de derecho anterior, para ser acreditado, en su lugar, a la pena mayor. Porque al cumplir primero la pena más extensa, a base de la cual se computaría el mínimo para caer bajo la jurisdicción de la Junta de Libertad Bajo Palabra, el recurrente tendría la posibilidad de completar las penas impuestas en la libre comunidad más temprano que antes. De hecho, advierte el Departamento que el recurrente es elegible al privilegio desde noviembre de 2024.

**III**

El recurrente no perfeccionó su recurso conforme a derecho. De acuerdo a la normativa antes discutida, el pago de aranceles para iniciar un pleito tanto a nivel de instancia, como en los foros apelativos, es un requisito esencial. El no cumplir con dicha exigencia conlleva que el recurso presentado sea nulo e ineficaz y se tenga como no presentado. Solamente en circunstancias muy particulares, esta norma de la nulidad no es aplicable. Entiéndase, cuando el litigante es indigente y solicita litigar *in forma pauperis* bajo juramento o cuando sin intervención de la parte, ni intención de defraudar un funcionario de la Secretaría, por equivocación, acepta el recurso con la deficiencia en el pago de aranceles.

De este expediente no surge que Rosa Vera haya cumplido con el pago de aranceles al acudir ante nos. De igual manera, no surge

que en ningún momento el apelante hubiese solicitado, conforme a derecho, litigar *in forma pauperis.*

**IV**

Ante el hecho de que el recurrente no pagó los aranceles correspondientes, ni solicitó litigar *in forma pauperis,* se desestima el presente recurso.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones