Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| Ángel Luis Maisonet Rivera *Recurrente* v. Departamento de Corrección y Rehabilitación *Recurrido* | TA2025RA00319 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación Caso Núm.: C BD2007G00581 Sobre: Tent. A198/Robo |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a <u>15</u> de diciembre de 2025.

El 24 de octubre de 2025, el señor Ángel Luis Maisonet Rivera (señor Maisonet Rivera o recurrido) presentó ante este Tribunal de Apelaciones, por derecho propio, el recurso de *Revisión Administrativa* de epígrafe.

Por los fundamentos que expresamos a continuación, **desestimamos** el recurso de *Revisión Administrativa* presentado, por falta de jurisdicción.

**I.**

El 24 de octubre de 2025, el recurrido, quien está confinado, presentó por derecho propio un escrito, en el cual nos solicitó que se cumpliera con el Artículo XI del Reglamento Interino Sobre Unidades Especiales de Vivienda. Esto, debido a que no corre peligro, desea tener una mejor convivencia y desea poder estar con su hermano.

Revisado el recurso ante nuestra consideración, el 31 de octubre de 2025[1], emitimos una *Resolución* donde se dispuso lo siguiente:

> Se autoriza al señor Maisonet Rivera a comparecer por derecho propio.
>
> No obstante, deberá cumplimentar la Solicitud para Declaración de Indigencia [OAT 1480 Rev. Septiembre 2025] y certificar o juramentar en presencia de los funcionarios autorizados del Departamento de Corrección y Rehabilitación (DCR) dentro del plazo de **veinte (20) días**, contado a partir de la fecha de notificación de la presente resolución, so pena de desestimar el recurso. En la alternativa, deberá satisfacer los aranceles correspondientes a la presentación del recurso. In Re: Aprobación de los Derechos Arancelarios, 192 DPR 397 (2015).
>
> Además, en igual término, el señor Maisonet Rivera deberá presentar copia de cualquier documento concerniente a su reclamación que nos permita auscultar si este Tribunal tiene jurisdicción para atender su reclamo. (Énfasis suplido).

Transcurrido los veinte días, a partir de la notificación, el señor Maisonet Rivera no compareció.

**II.**

**-A-**

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico establece la autoridad del Tribunal de Apelaciones para revisar "decisiones, órdenes y resoluciones finales de organismos o agencias administrativas"[2]. Por su parte, la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU) establece el marco de revisión judicial de estas decisiones[3]. Cónsono con lo anterior, nuestra función revisora se limita a delinear la discreción de las entidades administrativas para garantizar que sus decisiones se encuentren en el marco de los poderes delegados y sean consecuentes con la política pública que las origina[4].

Debido a la vasta experiencia y conocimiento especializado

---

[1] Notificada el 3 de noviembre de 2025.

[2] Art. 4006(c) de la Ley Núm. 201-2003, 4 LPRA sec. 24(y)(c).

[3] Sección 4.5 de la Ley Núm. 38-2017, 3 LPRA sec. 9675.

[4] *Torres Rivera v. Policía de PR*, 196 DPR 606, 625-626 (2016); *Empresas Ferrer v. A.R.Pe.*, 172 DPR 254, 264 (2007); *Mun. de San Juan v. J.C.A.*, 149 DPR 263, 279 (1999).

que tienen las agencias administrativas sobre los asuntos que le son encomendados, los foros revisores les conceden gran consideración y deferencia a sus decisiones[5]. Al mismo tiempo, esta facultad revisora delimita la discreción de los organismos administrativos a modo de asegurar que estos ejerzan sus funciones dentro de los márgenes de las facultades que le fueron delegadas por ley[6]. Es por esta razón, que la revisión judicial se limita a determinar si la agencia actuó de manera arbitraria o ilegal, o de forma tan irrazonable que sea considerado un abuso de discreción[7]. Hay que señalar que las determinaciones de los organismos administrativos están cobijadas por una presunción de corrección y legalidad que debe respetarse, mientras la parte que las impugne no demuestre con suficiente evidencia que la decisión no está justificada[8].

Así pues, la revisión judicial de una decisión administrativa se circunscribe a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si esta actuó de forma arbitraria, caprichosa o ilegal[9]. El criterio rector es la razonabilidad de la actuación de la agencia recurrida[10]. Por ello, al momento de evaluar una determinación administrativa se debe considerar si: (1) el remedio concedido por la agencia fue apropiado; (2) la decisión de la agencia está sostenida en evidencia sustancial que obra en el expediente administrativo visto en su totalidad; y (3) las conclusiones de derecho fueron correctas[11].

---

[5] *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *OCS v. Point Guard Ins.*, 205 DPR 1005, 1026 (2020); *PRHOA v. Confederación Hípica*, 202 DPR 509, 521 (2019).

[6] *Vázquez v. Consejo de Titulares y Junta de Directores del Condominio Los Corales*, 2025 TSPR 56, 215 DPR ___ (2025).

[7] *Pérez López v. Depto. de Corrección*, 208 DPR 656, 673 (2022); *Super Asphalt v. AFI y otro, supra*, pág. 821; *Trigo Margarida v. Junta Directores*, 187 DPR 384, 394 (2012).

[8] *Trigo Margarida v. Junta Directores, supra*, págs. 393-394; *Mundo Ríos v. CEE et al.*, 187 DPR 200, 219 (2012), citando a *Rebollo v. Yiyi Motors*, 161 DPR 69, 77 (2004).

[9] *Vélez v. A.R.Pe.*, 167 DPR 684, 693 (2006).

[10] *Super Asphalt v. AFI y otro, supra*; *González Segarra et al. v. CFSE*, 188 DPR 252, 276 (2013); *Trigo Margarida v. Junta Directores, supra*, pág. 394.

[11] *OEG v. Martínez Giraud*, 210 DPR 79, 89 (2022); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35-36 (2018); *Pagán Santiago et al. v. ASR*, 185 DPR 341, 358 (2012).

Ahora bien, si la decisión del organismo administrativo no estuvo basada en evidencia sustancial; erró en la aplicación o interpretación de las leyes o los reglamentos que se le encomendó administrar; o actuó de manera irrazonable, arbitraria o ilegal, al realizar determinaciones carentes de una base racional; o si la actuación lesionó derechos constitucionales fundamentales, la deferencia debida a la agencia debe ceder[12].

Si una parte afectada por un dictamen administrativo impugna las determinaciones de hecho, esta tiene la obligación de derrotar con suficiente evidencia, que la determinación no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración[13]. De no identificarse y demostrarse esa otra prueba en el expediente administrativo, las determinaciones de hechos deben sostenerse por el tribunal revisor, pues el recurrente no ha logrado rebatir la presunción de corrección o legalidad[14].

Sobre las determinaciones de derecho, el Tribunal Supremo ha dicho que distinto a las determinaciones de hecho, el tribunal las puede revisar en todos sus aspectos, sin sujeción a norma o criterio alguno[15]. Sin embargo, esto no quiere decir que un foro apelativo pueda descartar las conclusiones y sustituir el criterio del ente administrativo por el suyo. En estos casos, también los tribunales apelativos les deben deferencia a los organismos administrativos[16].

---

[12] *OEG v. Martínez Giraud, supra*, pág. 90; *Super Asphalt v. AFI y otro, supra*, pág. 819, citando a *Torres Rivera v. Policía de PR, supra*, pág. 628; *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744-745 (2012).

[13] *González Segarra et al. v. CFSE, supra*, pág. 277; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216-217 (2012); *Pereira Suárez v. Jta. Dir Cond.*, 182 DPR 485, 511 (2011).

[14] *González Segarra et al. v. CFSE, supra*; *Pereira Suárez v. Jta. Dir Cond., supra*, pág. 513, citando a *Domínguez v. Caguas Expressway Motors, Inc.*, 148 DPR 387, 398 (1999); *O.E.G. v. Rodríguez*, 159 DPR 98, 118 (2003).

[15] *Vázquez v. Consejo de Titulares y Junta de Directores del Condominio Los Corales, supra.*

[16] *González Segarra et al. v. CFSE, supra*, págs. 277-278; *Batista, Nobbe v. Jta. Directores, supra*, pág. 217, citando a *Rebollo v. Yiyi Motors, supra.*

**-B-**

Los tribunales estamos llamados a ser celosos guardianes de nuestra jurisdicción[17]. Por ello, antes de entrar en los méritos de una controversia, es necesario que nos aseguremos que poseemos jurisdicción para actuar, ya que los asuntos jurisdiccionales son materia privilegiada y deben ser resueltos en primer lugar[18]. El Tribunal Supremo define el concepto de "jurisdicción" como "el poder o autoridad de un tribunal para considerar y decidir casos o controversias"[19]. Las cuestiones jurisdiccionales son privilegiadas, por lo que deben ser resueltas con preferencia[20]. Si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia"[21]. Ante dicho escenario, la **Regla 83 del Reglamento del Tribunal de Apelaciones**[22] contempla la desestimación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. De no hacerlo, la determinación sería nula, por lo que carecería de eficacia[23].

**-C-**

Uno de los requisitos que dispone nuestro ordenamiento jurídico para el perfeccionamiento de cualquier recurso ante nos es el pago de los aranceles de presentación. Por ende, como requisito umbral para invocar la jurisdicción del foro apelativo, todo apelante debe pagar dichos aranceles y adherir los sellos a su recurso[24]. El requisito de pagar esos aranceles y de adherir los sellos de rentas internas a todo escrito judicial busca cubrir los gastos asociados a

---

[17] *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 994 (2012); *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).
[18] *Cruz Parrilla v. Dpto. Vivienda*, 184 DPR 393, 403 (2012); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).
[19] *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *Gearheart v. Haskell*, 87 DPR 57, 61 (1963).
[20] *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).
[21] *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).
[22] Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).
[23] *Morán v. Martí*, 165 DPR 356, 364 (2005).
[24] *M-Care Compounding et al. v. Depto. Salud,* 186 DPR 159, 174 (2012).

los trámites judiciales[25]. En este contexto, nuestro Tribunal Supremo repetidamente ha establecido el mandato estatutario de que es nulo e ineficaz un escrito judicial presentado sin los sellos de rentas internas que la ley ordena cancelar[26].

No obstante, a modo de excepción, nuestro ordenamiento permite eximir del pago de aranceles a una persona insolvente o indigente a los fines de permitir la litigación *in forma pauperis*[27]. Lo anterior tiene el propósito de abrirle las puertas de los tribunales a todos los ciudadanos, sin importar la incapacidad económica de algunos para sufragar los costos asociados a un litigio[28].

Cónsono con lo anterior, la Regla 78 del Reglamento del Tribunal de Apelaciones[29], dispone que:

> Cualquier parte en el procedimiento que por primera vez solicite litigar *in forma pauperis*, presentará ante el Tribunal de Apelaciones una declaración, la cual certificará como correcta so pena de perjurio, en la cual expondrá los hechos que demuestren su incapacidad para pagar los derechos y las costas o para prestar garantía por estos, su convencimiento de que tiene derecho a un remedio y una exposición de los asuntos que se propone plantear en el recurso.
>
> Si la solicitud se concede, la parte podrá litigar sin el pago de derecho y costas, o sin la prestación de fianza para esto.
>
> El Tribunal de Apelaciones podrá preparar formularios para facilitar la comparecencia efectiva de apelantes o recurrentes *in forma pauperis*.

En este contexto, nuestro Tribunal Supremo ha expresado que, para poder litigar *in forma pauperis*, ya sea en casos de índole criminal como en casos de litigación civil, el solicitante "no [está] obligado a demostrar que es absolutamente insolvente, desamparado, y sin medios de vida. Más bien[,] el requisito es que por razón de pobreza no pueda pagar los derechos"[30]. Por lo tanto,

---

[25] *Íd.*

[26] *M-Care Compounding et al. v. Depto. Salud, supra,* pág. 176.

[27] Sección 6 de la Ley Núm. 17 de 11 de marzo de 1915, mejor conocida como la "Ley de Aranceles de Puerto Rico", según enmendada, 32 LPRA sec. 1482.

[28] *Gran Vista I v. Gutiérrez,* 170 DPR 174, 191 (2007).

[29] Regla 78 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

[30] *Gran Vista I v. Gutiérrez, supra,* pág. 191 citando a *Camacho v. Corte,* 67 DPR 802, 804 (1947).

Le corresponde al solicitante demostrar su insolvencia, pues la concesión del privilegio de litigar con el beneficio de insolvencia debe interpretarse estrictamente[31].

### III.

En el caso de autos, el señor Maisonet Rivera no acompañó su recurso con la solicitud de litigio *in forma pauperis* debidamente juramentada o certificada, ni canceló los correspondientes sellos de rentas internas, a pesar de habérsele concedido un término para subsanar tal omisión. Evidentemente, lo anterior impide que este recurso quede debidamente perfeccionado conforme las disposiciones legales anteriormente enunciadas y, por consiguiente, tener la autoridad para considerar los méritos del recurso. En vista de lo anterior, procedemos a desestimar el recurso de epígrafe, de conformidad con la Regla 83(C) del Reglamento de este Tribunal, *supra*, la cual le confiere facultad a este foro intermedio para que, a iniciativa propia, desestime el recurso presentado.

### IV.

Por los fundamentos antes expuestos, ***desestimamos*** el recurso de epígrafe por falta de jurisdicción.

Notifíquese a las partes, al Procurador General y al Secretario del Departamento de Corrección y Rehabilitación, quien deberá entregar copia de esta *Resolución* al confinado, en cualquier institución donde este se encuentre.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[31] *Gran Vista I v. Gutiérrez, supra*, pág. 191 citando a *Camacho v. Corte, supra*, 805.